BRONSON MURRAY

*v.*

SAMUEL SCHLOSSER.

CONTRACT — *rescission* — *where time is made essence.* In an action of forcible entry and detainer by vendor against vendee, under a contract making time of the essence of the agreement and giving vendor the right to rescind and hold vendee as tenant at will in case of failure to make payments as stipulated, it appeared that default was made and notice of rescission served on vendee's wife during his absence in the military service of the government, as a volunteer soldier; the court instructed the jury that the contract could not be rescinded except by personal notice, and that notice upon vendee's wife while he was thus absent was not sufficient. *Held,* that the instructions were erroneous. That the contract required no personal notice of rescission to be served on vendee. And that the right of rescission being reserved by the vendor to be exercised at his option, in case of default, could be asserted by the vendor in any manner manifesting an intention to rescind and that the absence of vendee, however meritorious, did not change the terms of the contract or furnish immunity from the consequence of its violation.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES R. STARR, Judge, presiding.

The case sufficiently appears in the opinion of the court.

Mr. J. M. BARRET, for the appellant.

Mr. CHARLES J. BEATTIE, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

On the 1st of March, 1860, Murray sold Schlosser a tract of land on credit, and the latter went into possession. By the terms of the contract the purchase money was payable in installments, and it was stipulated that, in the event of failure to make the payments as they should become due, time being made of the essence of the agreement, the vendor should have the right to rescind the contract, and hold the vendee or any person in possession under him, as a tenant at will on a rent equal to ten per cent interest on the purchase money, payable quarterly, and should enjoy the same rights as if the relation of landlord and tenant had been created by an original lease. Schlosser failed to pay, and, on the 1st of March, 1865, Bronson caused a notice addressed to Schlosser to be served upon his wife who was in possession, Schlosser being absent in the army. This notice declared a forfeiture of the contract of sale, and that Murray would hold Schlosser to the payment of rent. It does not appear that Schlosser ever paid rent. On the 30th of June, 1866, Murray served upon Schlosser a written demand of possession, and subsequently commenced the present action of forcible entry and detainer. On the trial the court instructed the jury that Murray could not rescind the contract of sale except by personal notice upon Schlosser of his intention so to do, and that the notice of such rescission served upon his wife, while he was in the military service of the government as a volunteer soldier, would not be sufficient.

These instructions were erroneous. Under such a rule the vendee of land, by placing himself beyond the reach of personal service, could rob these stipulations in a contract of all their efficacy for the protection of the vendor. This was not the design of the contracting parties, and it is by the terms they have embodied in their contract that their respective rights and privileges must be ascertained. The contract requires no personal notice of rescission to be served on the vendee. The right of rescission was reserved by the vendor, to be exercised at his own option in case the vendee should

fail to perform his covenants; and this right, as has been hitherto decided by this court, could be asserted by the vendor in any manner which would manifest upon his part an intention to rescind. *Chisman* v. *Miller*, 21 Ill. 226. The absence of the vendee as a volunteer in the military service of the government, however meritorious, did not change the terms of his contract, or furnish him immunity from the consequences of its violation. For the error in these instructions we must reverse the judgment.

<em>Judgment reversed.</em>