JAMES HAMILTON

*v.*

THE SINGER MANUFACTURING COMPANY.

1. REPLEVIN—*rescinding a contract of sale—placing the purchaser in statu quo.* Where a sewing machine was sold and delivered to the purchaser, a part of the price being paid in hand and the balance to be paid in instalments, the vendor can not maintain replevin for the machine, upon the refusal of the purchaser to make further payment on the ground the machine was not such as he had contracted for, without refunding the money already paid.

2. SAME—*demand and refusal.* Nor could the action be maintained without a demand made by the plaintiff and a refusal by the defendant to return the machine.

3. INSTRUCTIONS—*should be based upon the evidence.* It is error to give an instruction purporting to be based upon facts in the case, when there is no evidence of such facts.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

This was an action of replevin, brought by the Singer Manu- facturing Company against James Hamilton. A trial resulted in a verdict and judgment for the plaintiff. The defendant appealed.

Mr. B. S. MORRIS, for the appellant.

Messrs. ELDRIDGE & TOURTELLOTTE, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The evidence in this case shows, that appellees sold and delivered to the wife of appellant, in June, 1866, a sewing machine, and received twenty dollars in part payment. Mrs. Hamilton was to pay seventy dollars for the machine, in monthly payments, after the first.

On the twenty-fourth of January, 1867, the company had the machine seized by virtue of a writ of replevin and removed from the house of appellant. We can not refrain from characterizing the conduct of the officer, on the occasion, as most violent and outrageous, and grossly insulting to Mrs. Hamilton. There was no evidence of a demand and refusal.

The only evidence in the record upon which the instructions given for the plaintiff were based, was that of Arnet, who testified " that he called on Hamilton several months after; asked for the balance due on machine sent to her, and he was told the one sent to her was not such as she contracted for, and the expressman was so informed at the time he left it; whenever she shall be furnished with such they would be paid according to agreement, but not a dollar more till then; if they did not deliver a machine with a cover, they could return twenty dollars to her and take away the one left."

The court then instructed the jury for the plaintiffs, as follows:

1. " If the jury believe, from the evidence, that the defendant stated to the plaintiffs, or their agent, that he was going to keep the machine in controversy and would not give it up to plaintiffs, and that such statement was made by the defendant, with knowledge and in view of the claim of said plaintiffs to said machine, such statement would excuse the plaintiffs from making a formal demand of the defendant of the machine in

question, and the plaintiffs would be entitled to a verdict, if the jury find, from the evidence, that the machine was, in fact, the property of the plaintiffs and not of the defendant.

2.   " If the jury believe, from the evidence, that the defendant did not own or claim the machine in controversy, nor claim any right in or to the same, and that the same belonged to the plaintiffs, and that a demand was made for the same before suit brought, or that the defendant refused to give the property up in the manner stated in the plaintiffs' first instruction, they must find a verdict for the plaintiffs, although they find that the wife of the defendant made a conditional purchase of another machine similar to the one in controversy, or one of any other kind or price.

3.   " If the jury believe, from the evidence, that the machine in controversy was purchased by the wife of the defendant, and that the sale to her was conditional, and that the conditions were never fulfilled by him, and that the breach of such conditions was, by and under the terms of sale, a forfeiture of all her rights in and to the same, then they are instructed that the title to said machine is in the plaintiffs, and they must so find in their verdict, and also find the defendant guilty, provided a demand for the machine was made of the defendant before suit brought, or the defendant refused to deliver it up in the manner stated in the plaintiffs' first instruction."

In the giving of these instructions there was manifest error. The evidence did not warrant it.   On the contrary, a willingness was expressed that the company might take away the machine, upon the re-payment of the twenty dollars.   There is no evidence in the record even tending to establish the assumption that appellant said he would not give up the machine. Besides, the machine could not be recovered in an action of replevin, without the payment of the twenty dollars advanced.

As a new trial must be had, we forbear any further comment on the testimony.

The judgment is reversed and cause remanded.

*Judgment reversed.*