THE HOWE MACHINE COMPANY

*v.*

JOHN B. WILLIE.

| 85 | 333 |
| 103a | 521 |

RESCISSION OF CONTRACT—*when money paid on purchase may be recovered back.* Where a sewing machine is sold, to be paid for in installments, but a different one sent to the buyer, which does not work well, and the agent promises to replace it with another one, which he afterwards refuses to do, and on refusal to complete payments the agent replevies the machine, without offering another one, this may be regarded as such an act as to authorize the purchaser to rescind the contract, and recover back the payments made on the purchase.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. R. A. HALBERT, and Mr. F. A. McCONAUGHY, for the appellant.

Mr. WILLIAM WINKELMAN, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was brought by plaintiff against the Howe Machine Company, to recover the amount paid for a sewing machine, which the company took back. The contract between the parties, so far as it was reduced to writing, although in the form of a lease of the machine, was, in fact, an absolute sale, payable in installments, and was so understood by the parties. The machine was bought for the use of a niece of plaintiff, residing in St. Louis. Proof was made she did not get the machine she selected and which the company agreed to send, but another like machine, which the agent says he thinks was a new one, was sent her in its stead. It only worked well for a brief period, and, although skillfully handled, it could not be made to do good work. The agents of the company in charge of its affairs promised, repeatedly, to replace it with another machine, if that one did not give satisfaction, which it is abundantly proven it did not do.

Plaintiff stopped paying the monthly installments, because the machine, although several times repaired, could not be made to work satisfactorily, and defendant, without offering another machine, as it had agreed to do, replevied the old one, because of an alleged breach, in that respect, of the original contract.

Regarding that as an act which justified plaintiff in rescinding the contract, the evidence sustains the verdict, and the judgment must be affirmed.

*Judgment affirmed.*