## Singer Manufacturing Company
## v.
## James C. Treadway.

CONTRACT—BREACH—FORFEITURE.—Appellee made a written agreement with appellant, which stipulated, among other things, that on failure to make payments as therein specified, the property was to be restored to appellant, and all previous payments made thereon forfeited. After payment of $(0, appellee defaulted in payment, whereupon appellant replevied the property: *Held*, in a suit to recover the first payment, that by his own default, appellee had forfeited his first payment, and as between the parties the title to the property was in appellant, and it was entitled to possession; that bringing replevin for the property was not a disaffirmance of the contract by appellant.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding. Opinion filed May 2, 1879.

Messrs. WOODBRIDGE, BLANKE & WOODBRIDGE, for appellants; as to the construction of the agreement, cited Murch v. Wright, 46 Ill. 487.

The right of property remained in appellant: 1 Parsons on Contracts, 537; Jennings v. Gage, 13 Ill. 611; Story on Sales, § 313.

The payment made need not be returned before taking possession of the property: Hansbrough v. Peck, 5 Wall. 497.

The judgment in the replevin suit is a bar to this proceeding: Gray v. Gilliland, 15 Ill. 453; Hitchin v. Campbell, 2 W. Black. 828; Kelly v. Donlin, 70 Ill. 378; Rogers v. Higgins, 57 Ill. 244; Bigelow on Estoppel, 46.

Notice of intention to declare a forfeiture need not be given: Chrisman v. Miller, 21 Ill. 227.

An instruction directing the jury to a question not involved in the case is erroneous: St. L. A. & T. H. R. R. Co. v. Manly, 58 Ill. 300.

Messrs. MONROE & LEDDY, for appellee; that the contract was rescinded by bringing the replevin suit, cited Howe Machine Co. v. Willie, 85 Ill. 333.

Appellant must first return or offer to return the first payment: Hamilton v. Singer Mfg. Co. 54 Iil. 370; Howe Machine Co. vs. Willie, 85 Ill. 333; Jennings v. Gage, 13 Ill. 611.

He who insists upon a forfeiture must be held strictly within the authority which gives that right: Palmer v. Ford, 70 Ill. 369; Home Life Ins. Co. v. Pierce, 75 Ill. 426; Hartford Ins. Co. v. Walsh, 54 Ill. 164.

A failure to claim a forfeiture will be regarded as a waiver of the right: Heald v. Wright, 75 Ill. 17; Skinner v. Newberry, 51 Ill. 203.

Notice that forfeiture will be insisted upon should be given: Palmer v. Ford, 70 Ill. 369; Home Life Ins. Co. v. Pierce, 75 Ill. 426; Steele v. Biggs, 22 Ill, 643.

*Res adjudicata* applies only where the first action was tried on its merits: Freeman on Judgments § 259; Bigelow on Estoppel, 19; Vanlandingham v. Ryan, 17 Ill. 25.

PLEASANTS, J.   Appellee signed an instrument dated April 23, 1875, which certified, among other things, that he had hired of appellant a sewing machine, for the use of which he

was to pay $115, as follows: $60, as of that date, by a set of harness to be made in one week, and the residue in monthly installments of $10; upon payment whereof in full, as so provided, appellant was to convey to him the said machine by an absolute bill of sale, but until then, was to retain the title thereto; and for default in such payments, or any of them, all sums previously paid were to be forfeited, and the machine restored to appellant.

The harness was made and delivered accordingly, but for non-payment of the following installments, appellant, in August, after demand duly made and absolutely refused, replevied the machine; whereupon appellee brought this suit before a justice of the peace, for the value of the harness, less that of the use of the machine, which was appealed to the Circuit Court, and there resulted in a verdict for the plaintiff and judgment thereon for $60 damages, and for costs.

This was clearly wrong if the instrument above in substance set forth was, at the time of suing out the writ of replevin, a valid and subsisting contract, and the company had on its part faithfully kept and performed it.

Appellee alleged that his signature to that instrument had been procured by fraud and circumvention, but failed to establish it by sufficient evidence. His unsupported statements that his bargain was for a credit of six months as to the balance of $55, and that he signed but one paper, which was represented to and therefore understood by him to be a mere receipt for the machine, were fully overcome by the two papers produced and admitted, and the positive testimony of three witnesses, each of whom, so far as appears, was as credible as he.

He insisted, also, that even if originally valid, it was rescinded by the institution of the replevin suit. That such was the legal effect of that proceeding it is claimed was settled by Hamilton v. Singer Manufacturing Co. 54 Ill. 370; and Howe Machine Co. v. Willie, 85 Ill. 333.

In those cases, the company, having received a part of the price for a particular machine or style of machine, delivered to the purchaser a different and substantially inferior one, and

was thus itself in default. The purchaser objected to this, and declined to make further payments until the one contracted for should be furnished, but declared himself ready and willing in that case to pay according to the terms of the contract, and so was not in default. Nevertheless, the company replevied the machine delivered, without delivering or offering to deliver the one contracted for, and yet retained the money which it had received on the contract. Here was a manifest repudiation of the contract on the part of the company, or such a substantial breach of it as authorized the purchaser to treat it as rescinded. He was certainly entitled to have the machine or his money back.

In the case at bar nothing of this sort appears. Here the purchaser had received the identical machine for which he had bargained, and yet refused, in the face of his contract, either to pay for it or to return it. So by his own default he had forfeited his first payment, to wit: the set of harness, and had nobody to blame for it but himself. As between the parties, the title to the machine was still in the company, and it was entitled to the possession of it. Having made a proper demand, and been refused, it properly proceeded by replevin, and in so doing only exercised a right expressly reserved, by an act, which, without the reservation, would have been unlawful. This, therefore, was in affirmance and not in avoidance of the contract, and having performed, on its part, the purchaser could have no right to rescind it or to treat it as rescinded. Jennings v. Gage, 13 Ill. 610; Hansbrough v. Peck, 5 Wall, 497.

If any special notice of the claim of forfeiture, beyond the demand of the machine, was required—which we do not admit—Murray v. Schlosser, 44 Ill. 14; Chrisman v. Miller, 21 Ill. 227—the evidence shows that he received it.

The verdict in his favor, therefore, was against the law and the evidence, and the overruling of the motion for a new trial on that ground was error, for which the judgment of the Circuit Court is reversed and the cause remanded.

Reversed and remanded.