White Sewing Machine Company, Appellant, v. James S. McBride et al., Respondents.

St. Louis Court of Appeals, October 25, 1887.

1. Replevin—Contract—Option.—A contract of sale of a sewing machine, the purchaser giving an old machine in part payment, containing a provision that "if this machine is not satisfactory, in thirty days we will return your machine," gives the purchaser an option of thirty days, and if he rescind the contract in that time, the plaintiff must return the defendant's old machine before he can maintain replevin for the new machine sold.

2. ———— Instructions—Verdict.—Under evidence that the defendant refused to give the plaintiff the number of the old machine for the purpose of identifying it, but that it could be identified by other means, and that it was sold by the plaintiff before the request for its number was made, a verdict for the defendant is not necessarily opposed to an instruction, that if the defendant's failure to give the number of the machine prevented its return, the plaintiff was entitled to recover.

Appeal from the St. Louis Circuit Court, Amos M. Thayer, Judge.

*Affirmed.*

W. C. Marshall, for the appellant: The refusal of the defendant to give the number of the machine is fatal to her recovery. *Charles v. Patch*, 87 Mo. 462–3. The plaintiff was not bound to return the identical machine. *Berlin v. Eddy*, 33 Mo. 430. "Where some act is to be done by each party under special agreement, and the defendant by his neglect prevents the plaintiff from carrying the contract into execution, the latter may recover back money he has paid upon it." *Giles v. Edwards*, 7 T. R. 181; *Beed v. Blandford*, 2 Y. & J. 284; *Carter v. Carter*, 14 Pick. 424; *Harrison v. Chilton*, 5 Yerg. 293. The rule is the same where the goods are sold by sample "on trial," "on sale and return,"

"on approval," "or wherever the actual completion of the contract and acceptance by the vendee depends, by the terms of the agreement, upon a condition precedent." *Street v. Blay*, 2 Barn. & A. 463; *Okell v. Smith*, 1 Stark N. P. C. 107; *Sanders v. Jameson*, 2 Car. & Kir. 557; *White v. Salisbury*, 33 Mo. 154; *Jarrett v. Morton*, 44 Mo. 275, 277.

J. W. COLLINS, for the respondents: The acts of the sewing machine company and of the respondents while performing and executing the contract between them, and the circumstances surrounding the transaction, are to be taken into consideration in construing and interpreting the contract between them, when the contract, or any part of it, is uncertain or obscure. *Dobbins v. Edmonds*, 18 Mo. App. 307; *Patterson v. Camden*, 25 Mo. 21; *Wilson v. Marlow*, 66 Ill. 385; *Stevenson v. Erskine*, 99 Mass. 367; *Lovejoy v. Lovett*, 124 Mass. 270; *McDaniels v. Whitney*, 38 Iowa, 70. The consideration received by the appellant should have been returned. And it was not sufficient to tender her two old Singer machines, neither of which was her machine, and which were inferior and worthless. *Hamilton v. Singer Machine Co.*, 54 Ill. 370; Wells on Replevin, sect. 332; *Conner v. Henderson*, 15 Mass. 320; *Kimball v. Cunningham*, 4 Mass. 502; *Thayer v. Turner*, 8 Metcalf, 552; *Wilbur v. Flood*, 16 Mich. 40; *Parker v. Parnell*, 20 Johns. 130; *Johnson v. Wygant*, 11 Wend. 48.

ROMBAUER, J., delivered the opinion of the court.

This is an action of replevin which, upon retrial in the circuit court on the plaintiff's appeal from a justice's judgment, resulted in a judgment for the defendants for possession of the property in controversy (a White sewing machine) of the ascertained value of fifteen dollars, and nominal damages. From this judgment the plaintiff again appeals and assigns for error the following:

That there is no evidence to support the verdict; that the verdict is contrary to the instructions; that the court refused proper instructions asked by the plaintiff, and gave erroneous instructions for the defendant.

There was evidence tending to show that the plaintiff sold to the defendant a White sewing machine for fifty-five dollars, taking in payment a Singer sewing machine, the property of the defendant, at a valuation of ten dollars, and a trust note of forty-five dollars, payable by installments, and secured by chattel mortgage on the machine sold. The plaintiff, as part of the transaction, agreed to rescind the contract and return the Singer machine to the defendant if the White machine sold should not prove satisfactory. This part of the agreement was evidenced by the following memorandum endorsed on the bill of sale: "If this machine is not satisfactory in thirty days we will return your Singer machine."

There was, also, evidence tending to show the following facts: A memorandum stating that the Singer machine was not to be disturbed for thirty days was written on a card by the plaintiff's agent and tacked on the machine when taken by the plaintiff. Within thirty days after the sale the defendant called upon the plaintiff, expressed her dissatisfaction with the machine bought, and requested a return of her machine. Her machine was never returned, but the plaintiff tendered to her another Singer machine of the same grade and in good order, demanding the return of the White machine sold, which the defendant refused to surrender, whereupon this action of replevin was brought. On the question why the identical machine taken from the defendant was never tendered to her there was some conflict of evidence. The plaintiff's evidence tended to show that the machine was never returned because it could not be identified without its number; that the defendant knew that number and the plaintiff did not, and that the defendant persistently refused to let the plaintiff have the number. This last fact was conceded by the

defendant's evidence, also.    On the other hand, the de-
fendant's evidence tended to show that the reason for
not tendering her her own machine was the fact that the
plaintiff had disposed of it in the meantime, and that if
the machine was still in the plaintiff's possession, it could
be identified by the card tacked to it containing the
memorandum above referred to.

This being all the evidence, the court refused all the
instructions asked by the plaintiff, and, upon its own
motion, charged the jury as follows:

"1.    If the jury find, from the evidence, that, at
the same time the note and mortgage read in evidence by
the plaintiff was executed and delivered, the same agent
or canvasser of the plaintiff who negotiated said note
and mortgage executed and delivered the other paper
read in evidence by the defendant to the effect that, 'if
this machine is not satisfactory, in thirty days we will
return your Singer machine,' then the court instructs
you that both papers, to-wit, the mortgage and paper
offered by the defendant must be construed together,
and that the proper construction of both writings is that
the defendant was to be allowed thirty days within
which to try the 'White Sewing Machine,' and, if it
did not operate satisfactorily, the defendant was to have
the right to reclaim her old machine, 'the Singer,' and
restore the White machine, and have the mortgage
cancelled.

" And the court further instructs you that, if you find
and believe, from the evidence, that the White machine
did not operate satisfactorily, and within thirty days
after January 24, 1885, the defendant so notified the
plaintiff and demanded the return of her old machine,
and the plaintiff, after such demand, failed to restore or
return it, then it is not entitled to recover, and you
should so find.

"2.    Unless you find the facts to be as recited in the
foregoing instruction, numbered one, the defendant has

made out no defence to this action, and your verdict should be for the plaintiff.

"3. Even though you find the facts to be as supposed in instruction numbered one, yet, if you further find from the evidence that the defendant refused to give the plaintiff the number of her old machine, when requested to do so, and when it was in her power to furnish the number, and in that way prevented the plaintiff from restoring to the defendant her old machine, when it was within the plaintiff's power to have traced the machine and restore it but for the defendant's act in refusing to give the number, then your verdict should be for the plaintiff, notwithstanding the matters recited in instruction numbered one."

The instructions thus given by the court cover every phase of the case, and are as favorable to the plaintiff as the evidence will justify.

The contract of sale was an entire transaction, and the memorandum to return the defendant's machine and rescind the contract was part of it. The authority of the agent to make such a contract is not seriously questioned, and the testimony shows that it is a transaction which agents of this company frequently make. It was not incumbent upon the defendant, if she desired to rescind the contract, to return the machine bought, or to tender it at the company's warerooms, and receive her machine there. The correct interpretation of the written promise, "we will return your Singer machine," is to return it where the plaintiff received it, on the defendant's premises, and the plaintiff's doing so is a condition precedent to its maintaining an action of replevin for the machine sold. Wells on Replevin, sect. 332, and cases cited; *Hamilton v. Singer Manufacturing Co.*, 54 Ill. 370. While the general rule unquestionably is, as claimed by the plaintiff, that a purchaser seeking to rescind a sale must make tender, there is substantial evidence in this case to show that the defendant was willing and ready to return the machine bought, provided her

own machine was first returned at the place where the exchange was to be made.

Nor can we agree with the plaintiff in the position taken that the plaintiff satisfied this part of the contract by tendering another Singer machine to the defendant, as good or better than the defendant's machine was. That rule can apply only where the articles, although different, are identical in kind and value. In *Berlin v. Eddy* (33 Mo. 430), it was applied by the court to shares of stock on the ground, as the court states, "that the shares of stock do not appear in any way distinguished or distinguishable from any other similar number of shares of the same stock." In this case there was evidence, even by one of the plaintiff's witnesses, tending to show that machines of the same make are of different value and service, depending on the treatment they have had and the care with which they have been used, and no evidence to the contrary.

It was unquestionably the duty of the defendant to furnish to the plaintiff, upon request, such information, exclusively in her possession, as would enable the plaintiff to identify her machine for the purpose of returning it. If the plaintiff's failure to return the defendant's machine was due to the defendant's refusal to comply with this reasonable request, the defendant could not recover. The court correctly so instructed the jury. But the court, with equal propriety, left the decision of the question to them whether it was that fact which prevented the return of the machine. There was evidence tending to show that the plaintiff might have identified the machine by other means, to-wit, the card tacked to it for the purpose of identification. There was also evidence tending to show that, prior to the time when the request for the number was made upon the defendant, the plaintiff had disposed of the machine, and it was not within the plaintiff's power to restore it. There is, therefore, nothing to show that the jury disregarded the instruction of the court on this branch of the case.

The judgment is affirmed. All the judges concur.