## Standard Manufacturing Company v. Fred J. Brons.

### Gen. No. 4,442.

1. FRAUD—*what essential to establish plea of.*    Where a plea sets up that a contract was obtained by fraud, it is essential that there be proof of representations, falsity, scienter, deception and injury.

2. EVIDENCE—*when collateral transactions competent.*    Collateral transactions are sometimes competent for the purpose of showing intent.

Action of assumpsit.    Appeal from the Circuit Court of Peoria County; the Hon. THEODORE N. GREEN, Judge, presiding.    Heard in this court at the October term, 1904.    Affirmed.    Opinion filed March 8, 1905.

ROBERT N. MCCORMICK, for appellant.

GRAFF & MILES, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

Appellant brought an action of assumpsit to recover the price of a bill of goods.    Appellee plead the general issue and a special plea that the contract sued on was obtained by false and fraudulent representations and fraud.    Upon the issue made by the special plea appellee had a verdict and judgment against appellant for costs, to reverse which the case is brought here by appeal.

Appellee testifies that he is engaged in the grocery business in the city of Peoria, and that on or about the 26th day of July, 1902, W. M. Isbell, a sales agent of the Stand-

ard Mfg. Company, called on him and told him he had a deal on hand that was entirely commission goods; that it was a line of flavoring extracts, which were first class goods. Appellee told him that he had plenty of extracts. He testifies that the agent said he had a new thing, that he did not sell the goods at all but left them on consignment, and that if the goods were not sold they did not have to be paid for. Isbell said that he would put in a show case to keep the goods in and if they did not sell he would take them back; that the agent said that they never sold these goods, and the reason that they put them out on commission was, the year before they had tried it in a small way and it proved so successful that they were going in this year for all it was worth; that Isbell said he would call every two or three months and check up what had been sold, and collect for those; then the agent said he wanted a paper signed, and appellee asked what it was and was told by the agent, it was just what they had been talking about, the commission contract; appellee testifies that he relied on the statements of this agent and believing he was signing a commission contract, executed the order sued on in this case, which is an unconditional order for $173 worth of flavoring extracts. Appellee did not read the contract, which he says was so folded and held by Isbell that he could not see the printed part at the top of the order; that Isbell told him they would furnish the postage and mail 100 invitation letters to appellee's customers asking them to call and that each person calling with an invitation card would receive a sample bottle of extract worth twenty-five cents; that they found it more profitable to advertise in this way than to spend the money with newspapers.

It is shown that appellee promptly returned the goods to appellant upon discovering that it was claiming he had bought the goods outright; and that he did not sell or attempt to sell any of said goods. Appellee introduced six other merchants in Peoria all of whom testified, over appellant's objection, that in the latter part of July, 1902, Isbell called on them and made substantially the same statements

to each of them that appellee testifies were made to him respecting the placing of these extracts with them on commission. Each of the merchants detailed in substance the same conversation and transaction with them that appellee testifies to, all of which was permitted to go to the jury only for the purpose of proving or tending to prove the intent of the agent Isbell. Appellant concedes that if this evidence is competent that the verdict is right. The ruling of the court in admitting this testimony, therefore, presents the only question for our consideration.

Appellee's amended special plea charged that the contract sued on was obtained from him by the fraud and circumvention of the duly authorized agent of appellant, setting out specifically the facts constituting the alleged fraud, all of which are charged to have been knowingly done with the intent to deceive and defraud appellee, and on which he relied in signing the instrument. A plea of this character involves the proof of representation, falsity, scienter, deception and injury. Arthur v. Griswold, 55 N. Y. 400; Brackett v. Griswold, 112 N. Y. 454; Miller v. John, 111 App. 56. Was the evidence of other transactions at or about the same time, by the same agent, involving similar fraudulent representations and acts, by means of which other persons were induced to enter into the same character of contract, relevant to the issue being tried? The general rule undoubtedly is, that all collateral facts such as are incapable of affording any reasonable presumption or inference as to the principal fact are to be rejected as irrelevant, since such facts tend to raise collateral issues, draw away the minds of the jurors from the points in issue, and often excite passion and prejudice. But to the general rule there is an apparent exception in cases where the knowledge or intent of a party becomes a material fact. In a note to section 52, 1 Greenleaf, it is said: "In civil cases, where the intent or mental state of a person is a material fact, evidence of similar acts to that which forms the gist of the action may be given in evidence, if they tend to show the state of mind of the person. This kind of evidence is most

frequently given when the question of fraud is raised. In such cases, evidence of other acts of a similar nature, done by the same person, resulting in injury to other people, or an unlawful advantage to the person doing them, is admissible to show the fraudulent intent," citing Jordan v. Osgood, 109 Mass. 457; Butler v. Collins, 12 Cal. 457; Castle v. Bullard, 23 How. (U. S.) 172, and other cases.

In the case of 23 How., above cited, it is said by Mr. Justice Clifford: "Similar fraudulent acts are admissible in cases of this description, if committed at or about the same time and the same motive may be reasonably supposed to exist, with a view to establish the intent of the defendant in respect to the matters charged against him in the declaration." The above rule is recognized by our Supreme Court in Gardner v. Meeker, 169 Ill. 40. The case of Buckley v. Acme Food Co., decided by the Appellate Court of the Third District, and reported in 113 Ill. App. 210, can be distinguished from the case at bar. There the collateral acts sought to be shown were transactions with a different agent than the one who had committed the alleged fraud, and this fact is one of the grounds upon which the court rests its holding, that the evidence is inadmissible. We think there was no error in admitting this evidence, and the judgment is affirmed.

*Affirmed.*