## Fannie S. Sill v. Lydia Burgess.

1. DECLARATION—*what does not preclude plaintiff's right to stand by.* Obtaining leave to amend does not preclude a plaintiff from standing by his declaration where subsequently he appears in open court and disclaims and abandons the privilege of amending and declares his intention to stand by his declaration.

2. INTEREST—*when rule of equity with respect to, does not apply at law.* The rule which applies under some circumstances in suits in equity, more especially in proceedings to enforce the specific performance of a contract for the conveyance of land, to the effect that where there is a sale of land at a specified price to be paid for at a subsequent date, and possession is delivered to the vendee, the vendor is entitled thereafter to interest on the purchase money even though through mere negligence or inability to do so, he fails to convey, and although the contract is silent as to interest, upon the principle that the value of the possession is, in its rents and profits, equal to the interest, does not obtain at law.

3. RESCISSION—*what notice of election sufficient.* No particular form of notice of election to rescind a contract is necessary. Any act which clearly indicates an intention by the party to rescind a contract is sufficient and constitutes notice.

4. PROMISSORY NOTE—*what constitutes payment.* Where it is specially agreed that a promissory note taken for a contemporaneous consideration shall be accepted in payment of the consideration, such agreement is binding and operates as a payment.

Assumpsit. Error to the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1906. Reversed and remanded. Opinion filed June 1, 1907.

HERRICK & HERRICK and F. M. and H. I. GREEN, for plaintiffs in error.

SPENCER M. WHITE and RAY & DOBBINS, for defendant in error.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This writ of error is prosecuted by the plaintiff below to review the judgment of the Circuit Court sustaining a general demurrer to a declaration which con-

tains substantially the following allegations: That on April 10, 1902, the following written agreement was entered into by and between the defendant and Fannie ·S. Sill, the nominal plaintiff, to wit:

"This indenture witnesses, that Lydia Burgess hereby agrees to sell, and Fannie 'S. Sill agrees to purchase at the price of, and for the sum of $4500 the following described real estate, situated in Champaign County, Illinois, to wit: (here follows description of same) with hotel furnishings complete, subject to existing lease expiring April 14, 1902, and all taxes and assessments levied after the year 1901. Said purchaser has paid $2000 as earnest money to be applied on said purchase, and agrees to pay the balance of said purchase money in the manner following, to wit: $2500 on or before the first day of January, 1904, or assume any mortgage that may be on said premises and difference to be paid in cash at Bank, Fisher, Ill., provided a good and sufficient warranty deed conveying to said purchaser a good title to said premises, subject as aforesaid, shall be ready for delivery. Fannie S. Sill agrees to keep buildings and furnishings insured to the amount of $3000 in favor of Lydia Burgess. , A complete abstract of title, brought down to date, to be furnished on or before November 1, 1903. In case the title upon examination is found materially defective within ten days after said abstract is furnished, then, unless the material defects be cured within sixty days after written notice thereof, the said earnest money shall be refunded, and this contract shall become null and void. Should the purchaser fail to perform this contract promptly on his part, at the time and in the manner specified, the earnest money above mentioned shall, at the option of the vendor, be forfeited as liquidated damages, including commissions payable by vendor, and this contract shall become null and void. Time is of the essence of this contract and of all the provisions· thereof; this contract shall extend to and be binding upon the heirs, executors and administrators of the respective parties. This contract and the earnest money shall be held by Vennum's Bank for the mutual benefit of the parties hereto."

It is then averred that on July 1, 1903, the said Fannie Sill for good and valuable consideration assigned all of her interest in said contract to the plaintiff; that at the time of the execution of said contract the said Fannie Sill executed and delivered to the defendant her note for $2,000 which the defendant accepted as the cash payment of earnest money provided for in said contract; that she had since that time satisfied said note by paying thereon the sum of $1,000 cash, and executing a new note for the sum of $1,000, payable January 1, 1904, which said new note and cash payment were accepted by the defendant in payment of said original notes; that on January 1, 1904, plaintiff tendered to the defendant at Vennum's Bank, in Fisher, Illinois, the sum of $2,500 and demanded a good and sufficient warranty deed conveying to him a good title to said premises, and also that he be furnished with a complete abstract of title to said premises brought down to date; that the defendant failed and neglected to on or before January 1, 1904, furnish the plaintiff or have ready for delivery to the plaintiff or the said Fannie Sill, said warranty deed, and that she also failed to on or before November 1, 1903, furnish said abstract of title; that said Fannie Sill and the plaintiff kept the buildings and furnishings mentioned in said contract insured in favor of the defendant for the sum of $3,000 from the time of said contract until January 1, 1904, and had fully kept and performed all the covenants and conditions assumed thereby by the said Fannie Sill; that on January 2, 1904, upon the failure by the defendant to perform said contract, the plaintiff tendered to her the possession of the premises in question and demanded a return of all moneys paid upon said contract, together with his damages, etc.: by means whereof the defendant became indebted to the plaintiff in the amount received by said defendant from the said Fannie Sill, and for damages sustained by plaintiff through the failure of the defendant to perform said contract, etc.

When the demurrer to the foregoing declaration was sustained, the plaintiff asked and was granted leave to amend the same, but afterward relinquished the right to do so and elected to abide by it. It is insisted by defendant in error that the plaintiff by requesting leave to amend the declaration, after a demurrer had been sustained thereto, confessed its insufficiency and waived any possible error in the ruling of the court; that having elected to ask leave to amend, he abandoned his right to abide by the declaration, and that such election was final and unalterable.

This view seems to be supported by the opinion of the court in Bennett v. Life Ins. Co., 203 Ill. 444, in which the following language is used: "If he (the pleader) asks leave to amend the pleading in order to obviate the defect pointed out by the demurrer, or asks leave to plead over, he thereby abandons his original pleading, and does not abide or stand by it."

The record in the present case shows, however; that after obtaining leave to amend, the plaintiff, in open court, disclaimed and abandoned the privilege and declared his intention to abide by the declaration as it then stood. Timely notice was thus afforded the court and opposing counsel and no one was misled in the premises.

The only remaining question for determination is whether or not the declaration states a cause of action. Defendant in error contends that it does not, for the reason that there is no averment that the plaintiff attempted to place the defendant *in statu quo* by tendering the hotel furnishings.

While it is the law that a party seeking to rescind a contract of this character must restore or offer to restore the property obtained, before he can recover back the purchase price paid (Martin v. Chambers, 84 Ill. 579), it does not appear on the face of the present declaration that the plaintiff in error ever took or retained possession of the hotel furnishings mentioned in the contract. No averment of a return or offer to

Sill v. Burgess.

return the same was therefore essential. If plaintiff in error as a matter of fact did take and retain possession of the furnishings, such fact becomes a matter of defense which can be raised under appropriate pleas.

It is next urged that there is no averment that the plaintiff tendered interest upon the unpaid purchase money, at the time he demanded the deed; that the full performance by him required that he should pay interest on the deferred payment from the time he took possession of the property. In support of such theory, counsel invoke the rule applied under some circumstances in suits in equity, more especially in proceedings to enforce the specific performance of contracts for the conveyance of real estate, to the effect that where there is a sale of land at a specified price to be paid for at a subsequent date, and possession is delivered to the vendee, the vendor is entitled thereafter to interest on the purchase money even though through mere negligence or inability to do so, he fails to convey, and although the contract is silent as to interest, upon the principle that the value of the possession is, in its rents and profits, equal to the interest. Whatever may be the rule in equity, we are satisfied that it is inapplicable in the present action which is at law. The contract is silent upon the question of interest and none was due or to become due by its terms. It is only where there has been an express contract to pay interest, or in cases prescribed by the statute, that interest is recoverable at law. There was no legal obligation resting upon plaintiff in error to pay interest and he was not bound to tender the same preparatory to rescinding the contract. It follows that the declaration was not defective in the particular claimed.

It is also insisted that the plaintiff was himself in default because the note of $1,000 executed by Fannie Sill was unpaid at the time of the tender and demand for a deed.

The declaration expressly avers that the two notes

which were executed at the same time as the contract, "were then and there accepted by the defendant as the cash payment of two thousand , dollars earnest money mentioned in said agreement."

Where it is specially agreed that a promissory note taken for a contemporaneous consideration shall be accepted in payment of the consideration, such agreement is binding and operates as a payment. Story on Bills and Notes, sec. 104. If the foregoing averment be taken as true, as it must, plaintiff in error was manifestly not in default as contended.

The claim that the declaration fails to show that notice was given the defendant of the intention to rescind, and that he was given a reasonable opportunity to perform, is unwarranted.

The averment of the declaration that after defendant in error had failed to perform the contract "the plaintiff did then and there tender back possession of said premises and demand a return to her of all moneys paid on said contract," etc., was clearly sufficient as to notice. Singer v. Treadway, 4 App. 60.

No particular form of notice of election to rescind a contract is necessary. Any act which clearly indicates an intention by the party to rescind a contract is sufficient and constitutes notice. Chrisman v. Miller, 21 Ill. 226; Murray v. Schlosser, 44 Ill. 14; Anderson v. McCarty, 61 Ill. 64.

The contention that the declaration is defective in that it does not aver that the defendant did not in fact deliver the deed when demanded, and that no demand for the abstract of title is alleged to have been made, are without merit. The points in question are sufficiently covered by the averment in the second count that the defendant had never "had said deed ready for delivery to the plaintiff or the said Fannie Sill, nor notified either of them that she, the defendant, had any such deed ready for delivery," and by the averment of the first count that a demand was made by plaintiff of the defendant that she "furnish a complete

abstract of title to said premises brought down to date.''

It is finally urged that an allegation that the plaintiff offered to assume any mortgages that may have been liens upon the premises, was essential.

It does not appear from the contract that there were any mortgage liens upon the premises at the time of the execution of the same. If any were placed thereon thereafter and before the time for performance, it was optional with defendant in error under the terms of the contract to elect whether to insist upon the cash payment provided, or the assumption of such liens, at the time the deed was demanded by plaintiff in error.

If defendant in error at that time chose the latter alternative and so notified plaintiff in error, and he failed or refused to perform in that regard, such fact constituted a matter of defense.

We are of opinion that the declaration stated a cause of action.

The judgment of the Circuit Court is therefore reversed and cause remanded.

*Reversed and remanded.*