### Theodore O. Loveland et al. v. Charles L. Lindsay.

1. FRAUD—*what does not preclude defense to contract predicated upon.* A party guilty of fraud cannot escape the legal consequences of his fraudulent conduct by saying that the fraud might have been discovered had the party whom he defrauded exercised reasonable care and diligence.

2. DEMURRER—*what does not waive action of court in overrul-ing.* Asking leave to plead after a demurrer has been overruled to a plea does not waive the right to predicate an assignment of error upon the action of the court in that respect, where, before replying to the plea, the plaintiff had the order granting such. leave to reply set aside and elected to stand by his demurrer.

Assumpsit. Appeal from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in. this court at the May term, 1907. Affirmed. Opinion filed De-cember 7, 1907.

A. D. MULLIKEN, for appellants; EDWARD A. KEN-NEDY, of counsel.

RAY & DOBBINS, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is an action in *assumpsit* by appellants against appellee to recover the contract price of a lot of. jewelry alleged to have been purchased by appellee. The declaration consists of a special count upon the alleged contract of purchase signed by appellee, and the common counts. Appellee pleaded the general issue and also filed a special plea setting up fraud and deceit of the agent of appellants in procuring the signature of appellee to the contract of purchase. A demurrer to the special plea interposed by appellants was overruled by the court, and thereupon appellants were granted leave to reply to the plea. Thereafter, and before appellants replied to the plea, the order granting them leave to reply was upon their motion set aside, and they elected to abide their demurrer. Judgment was entered against them in bar of their action and for costs.

The. special plea alleges that the execution by appellee of the instrument in writing in the special count of the declaration mentioned was obtained by the misrepresentation, falsehood, fraud and deceit of the agent of appellants, in this, that the said agent rep-

resented to appellee that appellants were engaged in the business of placing jewelry in stores for the purpose of allowing the same to be sold by agents on commission and permitting the agents selling the same to collect the pay therefor, and at the end of certain stated periods after the goods were placed for sale to remit to appellants sixty-six and two-thirds per cent. of the amount received for the sale of said goods and retain the balance, thirty-three and one-third per cent., as commission; that said agent further represented that appellee would not be required to pay for any goods until the same were sold and would not be required to purchase any goods; that appellants would ship such goods as they desired to place on sale and would furnish a plate glass and finished oak counter in which to display the goods. The plea further avers that appellee was then about to leave his store and told appellants' agent that he (appellee) had no time then to talk with him, or to consider the matter and that he (the agent) would have to come at some other time; that thereupon the said agent stated to appellee that he had a paper which was merely an agreement on the part of appellee to permit appellants to place the goods in a show case in his (appellee's) store, and that if appellee would sign the same, appellants would send the goods named in the agreement; that the said agreement being printed in very fine type and appellee having no time to delay and relying upon the statement of appellants' agent as being true signed said agreement without reading the same; that appellee would not have signed said agreement had he known the contents thereof, and did not know he was signing an agreement for the purchase of any goods, and did not intend to purchase any goods, all of which facts were known to the agent of appellants.

It is urged on behalf of appellee that appellants having asked leave to reply after demurrer was over-

ruled to the special plea must be held to have waived any error in the ruling on the demurrer, and their right to abide the same. Before any further proceedings were had the order granting leave to appellants to reply, was, on their motion, set aside, and they signified their election to abide their demurrer. Appellee was not misled or prejudiced by appellants' change of attitude and no reply having been filed and no final judgment entered, the conduct of appellants did not constitute a waiver of their right to abide the demurrer and assign error upon the ruling of the court thereon. Sill v. Burgess, 134 Ill. App. 373.

This suit is between the original parties to the alleged contract and, therefore, the rule applies that where one party to a contract has been guilty of an intentional and deliberate fraud whereby the other party had been misled and influenced in his action, and but for which fraud such other party would not have entered into the contract, the party guilty of the fraud cannot escape the legal consequences of his fraudulent conduct by saying that the fraud might have been discovered had the party whom he defrauded exercised reasonable care and diligence. Linington v. Strong, 107 Ill. 295; Kehl v. Abram, 210 Ill. 218; Buckley v. Acme Food Co., 113 Ill. App. 210. The fraudulent representations alleged in the plea to have been made by the agent of appellant were not merely as to the legal effect or construction of the agreement, but related to matters of fact. The terms of the agreement left no room for construction as to its legal effect. In Standard Mfg. Co. v. Brons, 118 Ill. App. 632, the court had occasion to pass upon a case involving almost the identical facts set up in the plea in the case at bar and held that they constituted a good defense to an action upon an alleged contract for the sale and purchase of goods.

The demurrer to the special plea was properly overruled and the judgment is affirmed.

*Affirmed.*