TEANNA E. J. KRETZINGER et al., Appellees, v. S. E. EMERING, Appellant.

**CONTRACTS:** Performance—Demanding Benefits—Avoiding Burdens—Vendor and Purchaser. The burdens of a contract cannot be avoided by one who demands, receives and retains the benefits.

PRINCIPLE APPLIED: Plaintiff sold his land to defendant, agreeing to give possession March 1st, together with merchantable abstract, at which time payment was to be made. On March 1st, the delivery of the deed by plaintiff and the payment by defendant of the amount then due was delayed, owing to some objections to the abstract. But defendant took possession and always thereafter retained the same together with all use and profit thereof. The defects in the abstract were later removed. *Held*, the defendant was liable to plaintiff for interest on the payment withheld.

**VENDOR AND PURCHASER:** Vendor's Lien—Waiver—Action at
2  **Law.** One having a vendor's lien may waive the same and sue
at law for the amount due.

**INTEREST:** Waiver by Accepting Principal. Acceptance of the
3  principal of a debt does not bar an action for unpaid interest,
especially when there was an agreement that the claim for interest
should not be considered waived by the acceptance of the principal
sum.

*Appeal from Carroll District Court.*—HON. M. E. HUTCHIN-
SON, Judge.

SATURDAY, FEBRUARY 13, 1915.

ACTION at law to recover remainder of the agreed con-
sideration for the sale of land by plaintiffs to defendant.
There was a judgment for plaintiffs and defendant appeals.
The material facts are stated in the opinion.—*Affirmed.*

*J. M. Graham* and *E. A. Wissler*, for appellants.

*C. C. Browning* and *Lee & Robb*, for appellees.

WEAVER, J.—On August 31, 1910, the plaintiff by written
contract sold and agreed to convey to defendant 120 acres of
land for the sum of $14,000. Of this sum defendant undertook
to pay $1,000 upon the execution of the writing and the
remainder upon terms stated as follows:

"Six thousand four hundred ($6,400) dollars on March
1st, A. D. 1911, and execute back to first parties or such
person as they may direct a purchase money mortgage for
seven thousand ($7,000) dollars, to bear interest at the rate
of five and one-half per cent per annum, due in five years, but
optional after two years, and it is also understood and agreed
that second party may have the option of paying all cash on
the first day of March A. D. 1911, by giving written notice

thereof 30 days before, and should it become necessary to enforce the conditions of this contract by law the second party is to pay the interest on the whole amount from the date hereof at five and one-half per cent per annum, and a reasonable sum shall be taxed as attorney's fees and added to the costs.

"It is agreed by the parties hereto that possession is to be given on March 1st, A. D. 1911, and on final payment and execution of the mortgage on said date to deliver a good and sufficient Warranty Deed and Abstract showing merchantable title to said lands, principal and interest in all cases payable at First National Bank in Coon Rapids, Iowa."

On March 1, 1911, defendant took possession of the property, which he has ever since retained. About the same time, the plaintiffs executed a deed to the defendant, but the same was not delivered because of certain objections raised to the sufficiency of the accompanying abstract of title. The matter of completing the abstract was delayed until about September 12, 1911, when a final settlement was attempted and effected except as to the item of interest claimed by plaintiffs on the payment of $6,400, which was to have been made on March 1st of that year. This interest, defendant refused to pay on the theory that the delay in payment beyond the date named in the contract had been caused by failure of plaintiffs to perform their agreement to provide an abstract showing a merchantable title and he had not himself been in default with reference thereto. Having reduced their matters of difference to this one item, defendant paid or made satisfactory settlement for the entire principal of the unpaid purchase price, in witness of which the parties entered into a written acknowledgment thereof, and among other things stipulated that such settlement should not be construed as a waiver or satisfaction of the demand for interest. Thereafter, this action was begun by the plaintiff to recover the amount of said omitted item. Trial was had in the district court and the evidence offered by

the parties showing the facts as above stated to be without dispute, the court directed verdict for the plaintiff for $192.00, and judgment was entered accordingly.

I. The legal propositions advanced by appellant that to entitle the party to a contract to recover for its breach, he is ordinarily required to show performance or tender a performance on his own part, and that in a contract for sale of land, the conveyance by the one party and payment by the other of the purchase price are ordinarily concurrent acts and the promises are dependent rather than independent, may be admitted to be correct, without requiring us to hold there was any error in directing a verdict for plaintiff. When settlement day arrived, March 1, 1911, and the abstract of title presented by the plaintiffs was alleged to be defective, it was the defendant's privilege under his contract to stand upon all his technical and legal rights, and inform plaintiffs he would go no further until they had performed or were ready and willing to perform on their part. He could have rescinded and declared the contract at an end, or he could have waited with what patience he could command for whatever length of time was required to perfect the formal showing of title, and until that was made, he could not be placed in default, and no interest upon the purchase price would accrue. But this he did not do. Evidently assuming, what appears to have been the fact, that plaintiffs were the real owners of the land and had the right to sell and convey it and that the defects in the abstract of title were technical and formal only and could be remedied within a reasonable time, he went into possession without delay and enjoyed the use and profits of the land from that day without interruption during all the time until the question of title was settled to his satisfaction and the conveyance accepted by him. He took possession of the land and occupied it as his own. He was there neither as tenant nor servant of anyone, but as proprietor, and his right of proprietorship was necessarily grounded upon the

1. CONTRACTS : performance : demanding benefits : avoiding bur- dens : vendor and purchaser.

purchase. While thus in possession, had plaintiff brought suit to recover the amount of the March payment, it is possible, though we do not now so decide, that he might have had the defense or counterclaim to the extent of the reasonable cost of perfecting the record title, but quite certainly no farther. *Hounchin v. Salyards,* 155 Iowa 608; *Worley v. Nethercott,* 91 Cal. 512; *McIndoe v. Norman,* 26 Wis. 588; *Sill v. Burgess,* 134 Ill. App. 373; Pomeroy's Specific Performance, 1st Ed. 428, 429.

The argument put forward, that it works an injustice or hardship upon the appellant to require him to pay over his money and rely for reimbursement of the expense incurred in perfecting the record title upon the sellers, who may be insolvent, or non-resident, thus making the remedy so provided wholly ineffective, is beside the mark. Neither the law nor the courts force the appellant into such a position. As we have already pointed out, he did not avail himself of his right to stop at the threshold, and rescind or await plaintiff's performance of their undertaking, but upon faith that they would perform within a reasonable time, he went into possession, thus waiving his right to retain the cash payment, pending such performance. The result shows that his faith was well founded and within about six months the title was made satisfactory to him without any expense on his part. He has had and received everything, including possession from the outset, to which in law or equity he would have been entitled, had plaintiffs been ready with their completed abstract of title promptly on the settlement day named in the contract. He has had the value of the use of the money withheld by him and he has had the use of the land for an entire season to which, without plaintiffs' consent, he had no legal or contract right until he paid the agreed cash instalment. Yet with the earnings of the money and the earnings of the land both in his hands, he proposes to keep them all and account to plaintiffs for no more than the principal sum of his debt. There is no principle of law which will permit it. It would

be a grave reproach upon our system of legal justice were such a result possible.

II. Counsel for appellant seem to concede that payment of this interest might have been enforced in an action at equity but contend that a recovery cannot be had at law.

2. VENDOR AND
PURCHASER:
vendor's lien:
waiver: ac-
tion at law.

We are unable to see how this can be. The debt, if one existed at all, is upon an express or implied promise to pay, a simple legal obligation. If plaintiffs had any right to a contract lien or vendor's lien therefor, it was competent for them to waive and sue at law. There is nothing in the nature of the case requiring or suggesting the need of any other relief than such as is effectuated through a judgment in ordinary proceedings.

III. Defendant makes the further point that the principal sum of six thousand four hundred dollars having been fully paid, action will not lie for the recovery of the interest. If

3. INTEREST:
waiver by ac-
cepting prin-
cipal.

the rule so relied upon has ever been recognized, we think it has never been applied to a claim for interest upon a debt due by a contract, express or implied. Certainly this must be true, where when the amount of the principal debt is paid it is expressly agreed and stipulated by the parties, as was done in this case, that payment and receipt of the principal sum shall not be held to operate as a waiver of the right to collect interest. See *Grote v. New York,* 82 N. E. 1088.

What we have said governs all other material questions argued by counsel and we find nothing in any of them requiring a reversal of the judgment below. For the reasons stated, the judgment of the district court is—*Affirmed.*

DEEMER, C. J., EVANS and PRESTON, JJ., concur.