EARL CARNS et al., Appellees, v. F. J. SEXSMITH et al., Appellants.

**VENDOR AND PURCHASER:** Foreclosure of Contract—Equitable
1   Relief to Defaulting Party. In an action to foreclose a contract of sale of real estate, with prayer for general equitable relief, it is not necessarily true that the court should order a sale and grant a year for redemption. The court may recompute the amount due from defendant, in order to effect justice between the parties, and grant defendant, even though in default, further time in which to pay the same.

**VENDOR AND PURCHASER:** Remedies of Vendor—Liquidated Dam-
2   ages as Exclusive Remedy. A vendor, in case the purchaser breaches the contract, is not necessarily compelled to enforce the contract provisions relative to liquidated damages.

*Appeal from Union District Court.*—HOMER A. FULLER, Judge.

JUNE 23, 1922.

ACTION in equity to foreclose a contract of sale of real estate. Decree entered finding equities to be with plaintiff, and defendant-vendees appeal.—*Affirmed.*

*Higbee & McEniry,* for appellants.

*O. M. Slaymaker,* for appellees.

DE GRAFF, J.—On the 31st day of July 1919 plaintiffs entered into a contract of sale of certain real estate with defendant F. J. Sexsmith. The consideration was $18,285 of which $10

1. VENDOR AND PURCHASER: foreclosure of contract: equitable relief to defaulting party. was paid upon the execution of the contract and $3,990 was to be paid in cash March 1, 1920. The vendee assumed the payment of two mortgages on said real estate aggregating $9,000 and also agreed to deliver to the vendor 45 head of described cattle of the value of $5,285. The cattle were delivered as agreed. The vendor was to furnish the vendee a warranty deed and a good and sufficient abstract of title on or before March 1st, 1920, assign all insurance on the buildings, pay all taxes assessed against the land, and to pay interest on the mortgages to March 1, 1920 when defendant was entitled to possession of the land. It was further mutually agreed that "time is an essential element in this contract" and upon default of either party in the performance of the terms and conditions thereof "the failing party to pay the other party the sum of $1,000 as damages."

The defendant Sexsmith did not pay the $3,990 on March 1st, and on the 17th day of April, 1920 plaintiff served upon him a notice of intention to forfeit the contract. This notice was given in conformity to Code Section 4299 Supplement 1913.

Plaintiff originally instituted this action to quiet title to the real estate in question as against the defendants, and later by an amendment asked for a foreclosure of the contract and general equitable relief.

On January 9, 1920 the vendee F. J. Sexsmith assigned the real estate contract to the defendant H. A. Sexsmith, which assignment was recorded May 18, 1920. The defendants took possession of the farm about March 1, 1920 and rented it to the defendant William B. Burnett, who sublet a part thereof to the defendant George Dudney. This lease expired March 1, 1921. The tenants entered into possession under the lease. Defendant Sexsmith by answer denied that plaintiffs had a right to forfeit the contract and claimed that they were entitled to a foreclosure only.

Subsequently plaintiffs asked that a receiver be appointed in order that the premises could be rerented and that said receiver continue to act during the time allowed for redemption. In conformity to the application a receiver was appointed and qualified.

It is claimed by the defendants that on or about June 4, 1920 they were ready, able and willing to perform the contract and have been at all times since said date, and that in fact on said date they tendered performance. However, the contract has not been performed by defendants.

Upon the conclusion of the testimony the court found that the defendants had not met the conditions of the agreement; that $3,990 due March 1, 1920 was unpaid; that the defendants had failed and neglected to pay interest on the mortgages and taxes on the land and that plaintiffs had advanced the necessary amount in interest and taxes to the receiver to protect the title in said real estate. The court also found that certain items of expense were incurred by the receiver and advanced by the plaintiffs in the purchase of grain and grass seed and in the upkeep of the farm buildings and that the same should be charged to the defendants. These various sums were computed with interest from the time they were paid to which the unpaid balance on the contract price was added. The total amount found to be due was $4,983.15, and plaintiffs were decreed to be entitled to this sum with interest at 6 per cent per annum from and after May 4, 1921. The decree further provided that if the principal sum with interest and costs was not fully paid within 30 days from May 4, 1921 defendants would forfeit their right, title and interest in said land, and in the event of payment of said sum within the time specified the plaintiffs were to deliver to the clerk of the district court for the use and benefit of defendants, before receiving the said money, a warranty deed conveying the same to the defendant H. A. Sexsmith subject to mortgages aggregating $9,000 with interest paid to March 1, 1921, and subject to the taxes for the year 1920, and subject to any liens which the defendants had placed against said land after March 1, 1920.

It was further ordered that in the event said payments were made by the defendants the receiver should collect the money due from the crops sold and undisposed crops, and after paying his costs and expenses file his report with the clerk of court for approval, and turn over to the clerk any money in his hands to be paid to the defendants.

The contract in question is plain and presents no problem difficult of solution. The legal principles involved have been frequently affirmed by this court. If a vendee fails to comply with the conditions of a real estate contract, and the vendor stands ready willing and able to perform, three remedies are open to the vendor: (1) To keep the tender of performance good, demand the balance of the purchase price, and sue for specific performance or (2) to terminate the contract because of the breach and sue for damages or (3) to rescind the contract *in toto*. *Waters v. Pearson*, 163 Iowa 391. And in a proper case, a vendor may terminate the rights of the vendee by statutory notice and declaration of forfeiture.

The defendants herein were not in a position to retain possession of the land and defeat a recovery of the purchase price. *Hounchin v. Salyards*, 155 Iowa 608; *Kretzinger v. Emering*, 169 Iowa 59.

The prayer of plaintiff's petition was for general equitable relief and they were entitled to a judgment affording such relief as was equitable under the facts pleaded, and proved. *Reiger v. Turley*, 151 Iowa 491; *Hoskins v. Rowe*, 61 Iowa 180; *Thomas v. Farley Mfg. Co.*, 76 Iowa 735.

Time was made the essence of the instant contract and clearly this intended that a failure to meet the payment at the time specified would impose some liability. Plaintiff was not

2. VENDOR AND PURCHASER: remedies of vendor: liquidated damages as exclusive remedy.

bound to sue to recover the liquidated damages provided in said contract. *O'Brien v. Paulsen*, 192 Iowa 1351; 13 Corpus Juris 686 *et seq*.

It is, however, unnecessary to discuss the principles governing a forfeiture as the court did not decree a strict forfeiture. The decree permitted the defendants to pay into court the amount found to be due under the terms of the contract, and time was given to make said payment. It was in effect what the defendants asked the court to do—that is, to fix the amount payable, and permit them to pay it. It meets the very conditions of the contract. In order to grant equitable relief it was not necessary for the court to foreclose, order a sale, and grant to the defendants a year for redemption. The defendants at that time and for a long time had been in default,

and had admitted they were unable to pay at the time stipulated. The court nevertheless gave them reasonable opportunity to meet the conditions of the contract although· they were in default. The provisions of the decree found ample support in the evidence and the conditions imposed were proper in a case of this kind.·

The decree protected the defendants by allowing them the proceeds collected by the receiver in the event that they paid for the premises. If they failed to pay then the defendants were not entitled to any benefits. The judgment entered by the trial court must be affirmed. We will assume that the defendants have taken this appeal from the judgment in good faith, and they will be given twenty days from the filing of this opinion in the office of the clerk of this court to comply with its terms paying the accrued interest on said judgment to said date and accruing costs on appeal.—*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.