EDWARD FOSSLER, Administrator of the estate of SALOME FOSSLER, deceased,

*v.*

JOHN SCHRIBER, heir at law of SALOME FOSSLER.

1. WITNESS—*competency—attorney at law.* The rule of professional sanctity which prevents an attorney at law from testifying in regard to matters confided to him in his professional capacity, is for the benefit of the client.

2. So it is entirely competent for the heir at law of the client to call upon the attorney to testify in regard to facts touching his interests, of which the attorney acquired knowledge, alone, from a professional consultation with the client.

3. And if there were other heirs, not parties to the proceedings, who would have a right to object to the testimony, yet, in the absence of such objection, their concurrence with their co-heir in removing the seal of professional secrecy, when to do so would be obviously for their benefit as well as his, would be presumed.

APPEAL from the Circuit Court of Stephenson County; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

A sufficient statement of the case will be found in the opinion of the court.

Mr. J. A. CRAIN, for the appellant.

Mr. U. D. Meacham and Messrs. Miller & Lewis for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

This was a proceeding originating in the County Court of Stephenson County to compel the appellant Fossler, administrator of Salome Fossler, deceased, to inventory certain property which the appellee, Schriber, who was one of the heirs at law of said Salome, claimed to belong to her estate. The case came to the Circuit Court and the question of ownership being then submitted to a jury, they found that appellant had failed to inventory a mare and $268 98 in money, the property of the estate. The court entered judgment in accordance with this finding, and the administrator brings the case here.

The evidence was quite too loose and contradictory to justify the finding as to the mare, but in regard to the money it was abundantly satisfactory. The testimony of the attorney showed that during the life time of Mrs. Fossler she came to his office with the appellant for the purpose of consulting him in regard to the collection of a note against one Hiller; that she informed him Hiller had a set-off which she wished to avoid; that he advised her to indorse the note to the appellant, which she did, and suit was brought in his name and judgment recovered. Hiller swears that he paid the judgment to the appellant after the death of Mrs. Fossler. On this evidence the jury could not have found a different verdict.

The appellant, however, insists that the evidence of the attorney was improperly admitted, because his information was derived from a professional consultation with Mrs. Fossler, and that only one of her heirs is a party to this suit, and consenting to his giving testimony. It is sufficient to say that this rule of professional sanctity is enforced for the benefit of the client; that the only heir of the client who is before the court is the party that calls for the testimony, and even if there were other heirs, and if they had a right to interpose an objection,

not being parties to the suit, yet in the absence of such objection, the court would presume their concurrence with their co-heir in removing the seal of professional secrecy, since to do so was obviously for their benefit as well as his.

The case of *Chant* v. *Brown*, 27 Eng. Chy. Rep. 78, is not to the point. There the attorney was defendant to a bill in chancery. He claimed his professional privilege in order to avoid fully answering the bill. Exceptions were taken to the answer and on their coming in for argument the heir of the client waved the obligation of professional secrecy. The court held that the waiver was too late, as the answer must be passed upon with reference to the position of affairs at the time it was filed. Even if we were disposed to regard this case as an authority to be followed, it would not apply to the one at bar.

The judgment is reversed, and the appellant will be required to inventory the money but not the horse.

*Judgment reversed.*