(No. 22736.—

THE GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant, *vs.* RICHARD VAUGHN *et al.* Appellees.

*Opinion filed December 19, 1934.*

Gunn, Penwell & Lindley, for appellant.

VanSellar & McClain, for appellees.

Mr. Justice Herrick delivered the opinion of the court:

This appeal comes here on a certificate of importance granted by the Appellate Court for the Third District. Richard Vaughn, an infant between nineteen and twenty years of age, together with his uncle, Emmett C. Vaughn, an adult, on June 15, 1931, purchased from the Simpson

Chevrolet Company (hereinafter called the company) of Marshall, Illinois, a new 1931 Chevrolet truck for the sum of $948. Part payment was made by the delivery by the minor to the company of a Chevrolet coupe at a value of $324. The balance of the purchase price was evidenced by a conditional sales contract made to the company, signed and delivered by both of the Vaughns. This contract provided for the payment of monthly installments of $52, beginning on July 15, 1931, until the purchase price was paid, the contract further providing for the re-possession of the property, at the election of the vendor, in the event of the default of the purchasers. On the same day the contract was made the company assigned and delivered it, for value, to the appellant. The only payment made on the contract was $52, which payment was made by the minor. The purchasers having defaulted in the payments, the appellant on November 3, 1931, brought a replevin suit before a justice of the peace to recover possession of the truck. The case was taken by appeal to the circuit court of Edgar county. The cause was tried in the circuit court without a jury. An alternative judgment was rendered against the appellant, finding the appellee Richard Vaughn entitled to possession of the property replevined and requiring the appellant to pay him $377 within ten days, in default of which a writ of *retorno habendo* should issue. On appeal to the Appellate Court by the appellant here that court affirmed the judgment.

It is urged by the appellant that there was no rescission of the contract by the appellee Richard Vaughn. The appellant's agent testified, in substance, that when he made a demand for the truck, the minor Vaughn told him he could have the truck when the payment made by the minor was returned. This is sufficient evidence of rescission of the contract on the part of the minor.

The vital issues in the case are covered by the solution of two propositions: (1) On the rescission of a contract

by an infant is he obliged to return or offer to return whatever of the consideration of the contract he may have in his possession? (2) Where a minor has rescinded his contract of purchase under a conditional sales contract, may he recover the value of the property delivered and the money paid by him on the purchase in an action of replevin brought by the vendor to recover the property sold to the minor?

There is a conflict of authority as to the duties and liabilities of a minor in the event of a repudiation, on the ground of his infancy, of a contract made by him. We are of the opinion that the weight of authority in this country is that all the consideration which is in the possession of the infant at the time of his rescission of the contract must be returned to the vendor or his assignee; that the infant cannot retain what he still has of what he received under the contract and at the same time regain what he has parted with under the contract. (*Reynolds* v. *McCurry*, 100 Ill. 356; *Zuck* v. *Turner Harness Co.* 80 S. W. (Mo.) 967; 14 R. C. L. sec. 20, p. 238.) On his disaffirmance of the contract it was the duty of the minor appellee to return or offer to return the specific thing, viz., the truck, which was yet in his possession and which he had received under the contract which he disaffirmed.

On the part of the appellees it is urged that the minor appellee had a right to retain the truck, notwithstanding the general rule requiring the return thereof on the repudiation of a contract by the minor, until the minor was re-paid the money laid out by him and the value of the property transferred by him as down-payment on the truck. The minor having rescinded the contract, the position of the appellant and the minor as regarded the title to the truck and the right of possession thereto was the same as though there never had been a contract between the minor and the vendor of the truck. The ownership of the truck was with the appellant, with the full right of immediate

possession unless the minor, by reason of his disaffirmance of the contract, had acquired some right to possession thereof by way of special property in or lien on the truck by virtue of which he was entitled to retain possession until his claim or lien was satisfied. In order for the minor to have a special property in the truck after the rescission of the contract of purchase by him he must have had the legal possession thereof, with the right to retain the possession of the truck against the appellant. (*Pease* v. *Ditto,* 189 Ill. 456.) There is no general rule that can be safely laid down to cover all persons having a special property in chattel or personal property, but some of that class are inn-keepers, garagemen, agisters, common carriers, warehousemen, wharfingers, factors and pawnbrokers. "A particular lien is a right to retain the property of another on account of labor employed or money expended on that specific property. * * * Particular liens may arise by implication of law, the usages of a trade or by express contract." (19 Am. & Eng. Ency. of Law, (2d) 8.) "Equitable liens are such as exist in equity and of which courts of equity alone take cognizance." (Ibid. 12.) Tested by these legal principles, which we believe are sound, the minor had no special property in or lien upon the truck at the time it was replevined from him.

It is urged by the appellees that notwithstanding they may not have had the right to retain the possession of the truck, nevertheless the minor could recover what was due him in the replevin proceeding. They cite in support of that position the cases of *Hamilton* v. *Singer Manf. Co.* 54 Ill. 370, *Hutt* v. *Bruckman,* 55 id. 441, and *Ohio and Mississippi Railway Co.* v. *Noe,* 77 id. 513. In the *Hamilton case,* the defendant had purchased a sewing machine from the company, on which she had paid $20 and was to pay $70 in monthly payments. The machine delivered was not the type of machine for which she had contracted. The expressman delivering the machine on behalf of the

sewing machine company was by the purchaser so informed at the time of the delivery, and was told, in substance, that when the company furnished the machine purchased, payments would be made as agreed but nothing would be paid until such machine was delivered, and if the company did not deliver the type of machine sold her it could return the $20 to her and take away the machine left. Replevin was brought to recover the machine delivered. The case was reversed upon the instructions given.

In *Hutt* v. *Bruckman, supra,* the plaintiff brought an action to recover possession of a planing mill and the machinery and fixtures belonging thereto. The evidence showed that Hutt had purchased the property in controversy from Bruckman and executed therefor the purchaser's three promissory notes, secured by chattel mortgage on the property purchased. Bruckman, in the replevin suit, pleaded the notes and mortgage, the non-payment of the last note and the consequent breach of the mortgage, whereupon he took possession of the property, as he claimed he had a right to do. To this plea the plaintiff replied that Bruckman in making the sale made a warranty of which there had been a breach, and the damages arising from such breach equaled the amount of the note remaining unpaid. A demurrer was sustained to this replication. This court held that the court improperly sustained the demurrer; that the plaintiff was entitled to show that the note was paid either by way of actual payment in money or by damages to the plaintiff for the breach of warranty of the machinery. In that case the ownership of the property was in the plaintiff. The defendant was setting up a special property therein by way of a chattel mortgage, and it was very proper for the plaintiff to show, if he could, that the chattel mortgage was in fact paid and that the defendant had no special property in the chattels.

In the case of *Ohio and Mississippi Railway Co.* v. *Noe, supra,* the appellee shipped two buggies from Cincin-

nati, Ohio, to Olney, Illinois. The railroad company had possession of the chattels and a charge for freight for the transportation thereof which Noe refused to pay and re-plevined the property. The evidence did not show that Noe demanded the property or offered to pay the freight before he instituted the action. The possession of the prop-erty was lawfully in the railroad company and it had a special property therein as a carrier.

None of the three cases cited, in our judgment, are controlling or even persuasive of the correctness of the position taken here by the appellees. The action of re-plevin existed at common law and is one of the most ancient actions known to the law, but in this State its ex-tent and scope are regulated by the statute. It is an action at law and not an equitable action.

The appellees rely on section 22 of the Replevin act (Smith's Stat. 1933, chap. 119, p. 2346; Cahill's Stat. 1933, chap. 119, p. 2295;) as a justification for the judg-ment here. Section 22 applies only to those cases where the general property is in the plaintiff and the defendant shows a special property, consisting of a right to hold the property as against the plaintiff, only, for a certain sum of money, as where the defendant holds the property as the property of the plaintiff but by virtue of some lien thereon. (*Lamping Bros.* v. *Payne*, 83 Ill. 463; *Janes* v. *Gilbert*, 168 id. 627.) While it might avoid a circuity of action by permitting the minor defendant to recover a claim here by proving the amount of payments made and the value of the property with which he parted, yet sec-tion 22 of the Replevin act does not apply to the situation here presented. It is also well to remember that the ap-pellant here only received the sum of $52. The automo-bile was received by the Simpson Chevrolet Company and not by the appellant. By this statement, however, it is not to be understood that we are passing upon or deciding whether the minor Vaughn can recover the value of the

automobile from the appellant here, or whether his recourse for the value of the automobile delivered by him to the Simpson Company is against that company, with which he made the contract originally. The decision of such issue is not necessary to a determination of the rights of the parties here in the present litigation.

In our judgment there are other sound legal reasons why there can be no alternative judgment in favor of the minor Vaughn. His cause of action is by way of establishing a debt which he claims is owing from the appellant to him. There are two defendants here, both parties to the contract of purchase. The cause of action is not joint in the Vaughns but was personal to the minor Vaughn, and could not be pleaded as a joint set-off. The set-off, to be available, must have been joint in the defendants. (*Priest* v. *Dodsworth,* 235 Ill. 613; *Ryan* v. *Barger,* 16 id. 28; *Burgwin* v. *Babcock,* 11 id. 28.) "A set-off has frequently been defined as a cross-claim, 'for which an action might be maintained against the plaintiff, or as a counter-demand which a defendant holds against a plaintiff, arising out of a transaction extrinsic to the plaintiff's cause of action." (24 R. C. L. sec. 2, p. 792.) The right of set-off was not recognized at common law. It is regulated by statute. (57 Corpus Juris, sec. 3, p. 360.) Unless allowed by statute, set-offs cannot be pleaded in an action of tort. (Ibid. 33, p. 382.) Replevin is a tort action. The minor's claim is not in the nature of recoupment and could not be maintained upon that theory. In actions at law, recoupment, in the absence of a statute to the contrary, is always a weapon of defense, never of offense. It applies only by way of the reduction, mitigation or abatement of the damages claimed by the plaintiff. Ibid. sec. 1, p. 359.

For the reasons herein pointed out, the judgments of the Appellate and circuit courts are each reversed and the cause remanded to the circuit court.

*Reversed and remanded.*