THE CHICAGO PARK DISTRICT *et al.*, Plaintiffs-Appellees, *v.* KENROY, INC., *et al.*, Defendants-Appellants.

First District (2nd Division)    No. 81-2487

Opinion filed June 8, 1982.

Friedman & Koven and Burke & Ryan, both of Chicago (Paul Homer, Thomas T. Burke, and Lawrence M. Templer, of counsel), for appellants.

Sneider and Troy, of Chicago (Richard J. Troy, of counsel), for appellees.

JUSTICE DOWNING delivered the opinion of the court:

This permissive·interlocutory appeal, taken pursuant to Supreme Court Rule 308 (73 Ill. 2d R. 308), raises the issue of the propriety of the circuit court's denial of defendants' motion to dismiss plaintiffs' complaint for a constructive trust and other relief.

The events which have resulted in the present case have served as the basis for prior judicial determinations by this court and by our supreme

court. The underlying facts have been adequately recited by us in *Chicago Park District v. Kenroy, Inc.* (1978), 58 Ill. App. 3d 879, 374 N.E.2d 370 (*Kenroy* I), and by the supreme court in *Chicago Park District v. Kenroy, Inc.* (1980), 78 Ill. 2d 555, 402 N.E.2d 181 (*Kenroy* II). Therefore, we find it desirable to set forth only those facts which are relevant to the narrow question before us.

Plaintiffs acquired a parcel of property owned by defendants by resorting to condemnation proceedings. This transaction was completed in August 1974. Defendants received the sum of $10.3 million from plaintiffs as compensation.

Plaintiffs later were apprised of facts which led them to believe the value of the property had been improperly inflated due to certain alleged acts of defendants. A lawsuit was filed. *Kenroy* I and *Kenroy* II are the progeny of that lawsuit. The supreme court's decision in *Kenroy* II remanded the action to the circuit court. There, defendants proceeded with the sole matter which the reviewing courts had not yet addressed: the question of the validity of the three-count amended complaint filed by plaintiffs. Defendants filed a motion to dismiss that complaint, asserting its allegations were substantially insufficient in law and failed to state a claim upon which relief could be granted.

Examination of the amended complaint shows plaintiffs alleged in count I that defendants engaged in acts which fraudulently enhanced the value of the property acquired by plaintiffs. Those acts, namely, were the use of bribery and fraud to secure a favorable rezoning of the property, which increased its condemnation value. Plaintiffs allege defendants were thus unjustly enriched by this enhanced value once the condemnation judgment was paid. This count seeks imposition of a constructive trust on the asserted amount of this unjust enrichment, $5 million. The count does not attack the validity of the rezoning ordinance nor does it contest the validity of the condemnation judgment.

Count II relies upon the same factual allegations, and seeks punitive damages for defendants' acts in the amount of $10 million.

Count III alleges defendants purposefully misrepresented that the rezoning action was proper and that the property was indeed worth $10.3 million. Based upon this alleged tortious misrepresentation, count III seeks compensatory damages of $5 million and punitive damages of $10 million.

The circuit court denied defendants' motion to dismiss these counts, ruling:

> "[U]nder the case law, and applying [*Village of Wheeling v.*] *Stavros* [(1st Dist. 1980), 89 Ill. App. 3d 450, 411 N.E.2d 1067, *appeal denied* (1981), 82 Ill. 2d 588] here, I am going to rule that a cause of action has been set forth."

The court did, however, determine that the issue was one ripe for presentation to this court under Rule 308, and entered an order providing the opportunity for such. We granted permission for this appeal.

I

■■ Initially, we find it necessary to note that the parties to this appeal, apparently following the lead of the circuit court, have limited themselves to addressing the question of whether plaintiffs have stated a cause of action in count I.[1] Neither defendants nor plaintiffs address the validity of counts II and III; nor did the circuit court appear to assess this issue below. Consequently, we believe defendants have waived any claim that counts II and III are defective. Starting, then, with the premise that these two counts are valid, we shall examine only the propriety of the circuit court's ruling as to count I, which seeks imposition of a constructive trust.

■■ The recent trend in the Illinois law of constructive trusts has been a broadening of the circumstances in which this remedy is available. A plaintiff may be awarded a constructive trust whenever facts are shown in which a person holding legal title to the property at issue cannot retain the beneficial interest therein without violating some established principle of equity. (*In re Estate of Ray* (1972), 7 Ill. App. 3d 433, 439-40, 287 N.E.2d 144.) A constructive trust may be imposed where the person in possession of property would be unjustly enriched if he were permitted to retain that property. The remedy is available in circumstances where one has received property which, in equity and good conscience, he ought not be allowed to retain. See *Selmaville Community Consolidated School District No. 10 v. Salem Elementary School District No. 111* (1981), 96 Ill. App. 3d 1062, 1065-67, 421 N.E.2d 1087; *Village of Wheeling v. Stavros*, 89 Ill. App. 3d 450, 454; see also 76 Am. Jur. 2d *Trusts* sec. 221 (1975).

Summarizing the allegations of count I, we note plaintiffs claim defendants' receipt of $5 million of the $10.3 million condemnation judgment was a consequence of defendants' actions in bribing a Chicago alderman. Plaintiffs assert this wrongful act resulted in the rezoning of defendants' property and the enhancement of that parcel's value by that stated sum. Plaintiffs allege defendants were unjustly enriched by $5 million to the detriment of plaintiffs, and that a constructive trust should be imposed on this amount.

■■ In our opinion, these allegations are adequate to state an action for the

---

[1] As defendants state in their appellants' brief:
  "[T]he sole issue before this Court is whether ° ° ° plaintiffs have nonetheless set forth a cause of action seeking a constructive trust upon the proceeds of the condemnation judgment."
Clearly, only count I falls within the scope of this statement of the issues.

constructive trust remedy. If plaintiffs are able to introduce adequate proof that the value of defendants' property was inflated by $5 million as a result of defendants' bribery of the alderman (a not insubstantial task of proof), then in equity and good conscience defendants cannot retain this inflated value. Based upon the allegations of count I, plaintiffs should be allowed the opportunity to present such evidence on this matter as they may have.

In making this decision, we are not unaware of defendants' argument that the remedy of constructive trusts is limited to circumstances in which there is proof of either actual fraud or breach of a confidential relationship.[2] While earlier cases may have adhered to this narrow approach, we feel bound by the recent trend which has expanded the scope of the remedy.

We are also cognizant of defendants' claim that plaintiffs should not be allowed to proceed because they have not attacked the validity of either the rezoning ordinance or the condemnation judgment, actions which defendants view as necessary prerequisites to maintaining the present action. We do not consider this fact dispositive of the cause of action. As stated, if plaintiffs are able to prove their allegations, *equity* cannot allow defendants to retain this unjust enrichment resulting from an admittedly valid *legal* judgment.

For the foregoing reasons, we affirm the circuit court's denial of defendants' motion to dismiss, and remand the case for trial.

Affirmed and remanded.

STAMOS, P. J., and PERLIN, J., concur.

---

[2] Plaintiffs' complaint fails to adequately allege elements constituting actual fraud. In their brief, plaintiffs present an imaginative argument that a confidential relationship did indeed exist between the bribed alderman and the taxpayers of plaintiffs so as to allow the action to proceed on the ground of breach of this relationship. However, since we believe a cause of action is stated here without regard to the merits of this argument, we need not address it.