CRAIG FREDERICKSON, Special Adm'r of the Estate of Hedwig Mayer, Deceased, Plaintiff-Appellee, v. WARNER BLUMENTHAL et al., Defendants (Warner Blumenthal, Defendant-Appellant).

First District (6th Division)   No. 1—93—2949

Opinion filed March 31, 1995.

Robert Handelsman and Terence J. Tyksinski, both of Chicago, for appellant.

James T. Crotty & Associates, of Chicago, for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

This is an action for possession of a savings account under a theory of constructive trust. The appellee, Craig Frederickson (plaintiff), the administrator of the estate of Hedwig Mayer, decedent, filed the suit requesting a declaration of rights to the account against the appellant, Warner Blumenthal (defendant), and Chesterfield Savings and Loan Association. The circuit court imposed a constructive trust on the account in favor of the plaintiff and granted a credit and setoff of $5,147 in favor of the defendant for taxes that he paid relative to the account. On appeal, the defendant raises the following issues: (1) whether the plaintiff submitted evidence sufficient to justify the imposition of a constructive trust; and (2) whether the trial court erred in holding that the action was not barred by the statute of limitations. For the reasons which follow, we affirm.

The following facts were stipulated to at the bench trial. On February 28, 1963, Hedwig Mayer, the defendant's aunt, deposited

$4,362.79 of her own money in a savings account at Chesterfield Savings and Loan Association and asked the defendant to hold the money for her under his name. After Mayer deposited the money, she brought the signature card to the defendant so he could sign it. At the time, Mayer was of sound mind and body. Although the account was in the defendant's name, he was holding the money for Mayer, who always possessed the passbook from 1963 until her death in December 1988, when she was 88 years old. The defendant never made or attempted to make deposits or withdrawals. The defendant declared the interest on his taxes from 1963 until 1991. Demand was made of repayment in October 1989. The defendant refused to release the funds to the estate of Hedwig Mayer. As of November 17, 1992, the balance in the account was $19,980.98.

At the bench trial, the only witness was the defendant, who testified as an adverse witness. Between 1960 and 1963, the defendant saw Mayer about four times a month. He testified that he had a good relationship with Mayer until her death in 1988.

■ A constructive trust is one raised by operation of law as distinguished from a trust created by express agreement between the parties. (*Suttles v. Vogel* (1988), 126 Ill. 2d 186, 193, 533 N.E.2d 901.) The *Suttles* court stated:

> "A constructive trust is created when a court declares the party in possession of wrongfully acquired property as the constructive trustee of that property [citation], because it would be inequitable for that party to retain possession of the property. The sole duty of the constructive trustee is to transfer title and possession of the wrongfully acquired property to the beneficiary. [Citation.]
>
> A constructive trust is generally imposed in two situations: first, where actual or constructive fraud is considered as equitable grounds for raising the trust and, second, where there is a fiduciary duty and a subsequent breach of that duty. [Citations.] A constructive trust may also arise when duress, coercion or mistake is present. [Citation.] Some form of wrongdoing is a prerequisite to the imposition of a constructive trust." *Suttles*, 126 Ill. 2d at 193.

Although there is authority to support the defendant's contention that a constructive trust will not be imposed in the absence of a fiduciary relationship, fraud, or some form of wrongdoing, other courts have broadened the circumstances where a constructive trust is an available remedy. For example, in *In re Estate of Engel* (1980), 87 Ill. App. 3d 273, 408 N.E.2d 1134, the decedent was holding his mother's money in a savings account that was held solely in his name. The evidence showed the money belonged to the mother. When the decedent's only heir, his daughter, attempted to keep the money

after the decedent's death, the trial court concluded that a constructive trust was created and the mother was awarded the money. The appellate court affirmed, noting "where one person has received money which belongs to another under circumstances whereby in equity and good conscience he ought not keep it, recovery will be allowed under a theory of constructive or resulting trust." *Engel*, 87 Ill. App. 3d at 275; see also *Martin v. Heinold Commodities, Inc.* (1994), 163 Ill. 2d 33, 643 N.E.2d 734; *Chicago Park District v. Kenroy, Inc.* (1982), 107 Ill. App. 3d 222, 437 N.E.2d 783 (the plaintiff's allegations stated an action for a constructive trust despite the failure to allege elements constituting fraud or breach of a confidential relationship).

At trial in the instant case, the following took place:

"MR. CROTTY [Plaintiff's attorney]: The stipulation would be, your Honor, that on or about February 28, 1963 that the plaintiff decedent Hedwig Mayer asked the defendant Warner Blumenthal to hold money for her under his name in the Chesterfield Savings & Loan account. And that he agreed to do that.

MR. TYKSINSKI [Defendant's attorney]: That's been alleged under Paragraph 5 and 6 of the complaint, and we admitted it."

Later, the defendant testified:

"MR. CROTTY: All right. And that money was her money that was deposited in that account?

A. Yes.

Q. But in your name, correct?

A. She deposited it, and if I recall brought me a signature card. She made the deposit, and I signed the signature card, if I remember.

Q. But the money was to be held in your name for her, correct? That's one of the stipulations?

A. It was her money."

■ It is evident from this testimony that the defendant knew the money was Mayer's. He never testified that Mayer was giving the money to him or that the money was ever going to belong to him. The plaintiff has met his burden by clear and convincing evidence that the defendant received money belonging to another under circumstances where in equity and good conscience he ought not keep it. As such, the trial court's decision to impose a constructive trust on the account cannot be said to be against the manifest weight of the evidence.

■ We also reject the defendant's argument that because the plaintiff had an adequate remedy at law (unjust enrichment), it was error to impose a constructive trust. Although unjust enrichment was an available remedy, we question whether it was adequate. We fail to understand why the plaintiff in this case should be forced to

jump through the hoops of collection and post-judgment proceedings only to discover that defendant had withdrawn the funds from the account. Unlike an action at law, an equity court could freeze the account, determine the rights of the parties, and enter a turnover order on the bank. " '[T]he fact that a remedy at law is available does not oust an equity court of jurisdiction. The question to be determined is whether the remedy at law compares favorably with the remedy afforded by the equity court.' " (*Hill v. Names & Addresses, Inc.* (1991), 212 Ill. App. 3d 1065, 1082, 571 N.E.2d 1085, quoting *Johnson v. North American Life & Casualty Co.* (1968), 100 Ill. App. 2d 212, 218, 241 N.E.2d 332.) Additionally, as we have already established, Illinois law provides that the imposition of a constructive trust is proper under facts very similar to this case. *Engel*, 87 Ill. App. 3d at 275-76.

Next, the defendant contends the court erred in holding the plaintiff's action was not barred by the statute of limitations because it was filed 25 years after Hedwig Mayer first deposited the money and the limitations applicable to constructive trusts is five years. For the following reasons, we conclude that the defendant's argument is without merit.

■ All civil actions not otherwise provided for by statute shall be commenced within five years after the cause of action accrued. (735 ILCS 5/13—205 (West 1992).) Constructive trusts are subject to the five-year statute of limitations. (*Chicago Park District v. Kenroy, Inc.* (1978), 58 Ill. App. 3d 879, 887, 374 N.E.2d 670, *aff'd in part & rev'd in part* (1980), 78 Ill. 2d 555, 402 N.E.2d 181.) Similarly, actions for unjust enrichment are also governed by the five-year statute. Ill. Rev. Stat. 1969, ch. 83, par. 16.

"[T]he more difficult question is as to when 'the cause of action accrued,' thereby triggering the statute of limitations." (*Kenroy, Inc.*, 58 Ill. App. 3d at 887.) In applying the Illinois discovery rule to a constructive trust action, the court held the plaintiff has the burden of showing it neither knew, nor could have known, of the facts supporting its cause of action until a time that is within the five-year limitations period. *Kenroy, Inc.*, 58 Ill. App. 3d at 888; see also *David v. Russo* (1980), 91 Ill. App. 3d 1023, 415 N.E.2d 531 (discovery rule applicable where the plaintiffs seeking a constructive trust did not have any reason to suspect the defendants were acting against their interests until a time within the five-year limitations period).

■ In the case *sub judice*, the passbook remained in the hands of Mayer until she died in December 1988. The defendant never withdrew funds, nor attempted to do so. On October 31, 1989, the defendant refused to release the funds to Mayer's estate. As a result, suit was filed in May 1990. Like the plaintiff in *David*, neither Hed-

wig Mayer nor the plaintiff had any reason to suspect the defendant was acting against their interests until demand was made and refused in October 1989. In applying the Illinois discovery rule to this case, suit was filed well within the five-year statute of limitations.

The cases cited by defendant do not support his position that the five-year statute of limitations began to run the day that Mayer deposited the money in 1963. In *Shelburn v. Richardson* (1846), 8 Ill. 597, the appellant who made the mistake of overpayment 10 years earlier could have found his error anytime after the overpayment. In *Brehm v. Sargent & Lundy* (1978), 66 Ill. App. 3d 472, 384 N.E.2d 55, the defendant made its position clear that the plaintiff was not entitled to a pension and had never made any pension payments to him from the time he claimed he was entitled to the payments in 1963 until the commencement of the lawsuit in 1976. In *Roush v. Illinois Oil Co.* (1913), 180 Ill. App. 346, the plaintiff had an affirmative obligation under the contract to repurchase the stock 12 months from the contract date and it was the failure of the plaintiff to exercise this obligation within the statute of limitations that barred the action.

Based upon the aforementioned, the order of the circuit court is affirmed.

Affirmed.

EGAN and ZWICK,[1] JJ., concur.

---

[1]Justice Gus P. Giannis participated in oral argument before his reassignment to the circuit court. Justice Morton Zwick was substituted on the panel and has listened to the oral argument tape and has read the briefs.