ROBERT B. HITT, JR., *et al.*, Plaintiffs-Appellants, v. HARVEY B. STEPHENS, *et al.*, Defendants-Appellees.

Fourth District    No. 4—96—0156

Opinion filed January 3, 1997.

McCULLOUGH, J., specially concurring.

Walker R. Filbert (argued) and Thomas W. Kelty, both of Pfeifer & Kelty, P.C., of Springfield, for appellants.

Karen L. Kendall (argued), Steven C. Rahn, and Adrian E. Harless, all of Heyl, Royster, Voelker & Allen, of Peoria and Springfield, for appellees.

JUSTICE GARMAN delivered the opinion of the court:

Several relatives of J. Brown Hitt and Gladys Hitt, both deceased, have brought this replevin action to recover decedents' estate files from their law firm. The circuit court of Sangamon County granted summary judgment to defendants on the basis that (1) the action was untimely, and (2) the files were protected by the attorney-client privilege. While we find the action was timely, we agree that the attorney-client privilege protects the files, and we accordingly affirm.

Plaintiffs are the grandchildren (Katharine Buckner, Robert Hitt, Jr., and Judith Hitt Welborn) and a daughter-in-law (Charlotte Hitt Patterson) of decedents. Another surviving daughter-in-law (Olga Hitt) executed a document allowing Robert Hitt, Jr., to "authorize and consent to all matters pertaining to" the files in question, and a final grandchild (John Hitt) does not appear to have taken any action in support of or against this action. The above persons are decedents' sole heirs, directly or indirectly (through decedents' now-deceased children). Plaintiffs requested Brown, Hay and Stephens' legal files relating to decedents' estates in August 1994 and again in January 1995. When they did not receive them, plaintiffs filed this suit in January 1996 against Harvey Stephens personally. They were granted leave to amend *instanter* to add the law firm as a defendant.

Defendants filed for summary judgment, based on (1) statute of limitations, and (2) attorney-client privilege. The court granted defendants' motion on both grounds. The last date of any action with

respect to J. Brown Hitt's estate was February 16, 1955, and Gladys Hitt's estate was closed in July 1982.

Defendants also argued some degree of estoppel should be accorded another case involving access to the files at issue here. In Hitt v. Patterson, No. 95—L—414 (Cir. Ct. Sangamon Co.), Robert Hitt, Jr., and Judith Welborn brought suit against Charlotte Patterson (all are plaintiffs in the instant case). Harvey Stephens was named as a respondent in discovery. The Sangamon County circuit court initially ordered Stephens to turn over decedents' files but upon reconsideration held Charlotte Patterson did not have the authority to waive attorney-client privilege with respect thereto and rescinded the order. There is no indication in the record as to when or how (or whether) this case terminated, and it does not appear the circuit court in the case before us accorded the earlier case any estoppel effect.

## I. THE ACTION IS NOT BARRED BY THE STATUTE OF LIMITATIONS

■ Section 13—205 of the Code of Civil Procedure (Code) (735 ILCS 5/13—205 (West 1994)) provides any action "to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof *** shall be commenced within 5 years next after the cause of action accrued." The only question the parties raise with respect to section 13—205 is when the cause of action accrued. Plaintiffs argue this occurred only when their demand was refused, in August 1994 at the earliest, because only then did defendants' possession become "wrongful." Defendants argue the action accrued when plaintiffs first had the *right* to demand possession, which was no later than when the last of decedents' estates closed, over 13 years ago.

■ Generally statutes of limitation begin to run as soon as a person suffers injury or, in the case of contract-based actions, at the time of breach. *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 77, 651 N.E.2d 1132, 1135 (1995). However, the discovery rule " 'delays the commencement of the relevant statute of limitations until the plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused.' " *Hermitage*, 166 Ill. 2d at 77, 651 N.E.2d at 1135, quoting *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 158 Ill. 2d 240, 249, 633 N.E.2d 627, 630 (1994). The rule is applied on a case-by-case basis, balancing " 'the increase in difficulty of proof which accompanies the passage of time against the hardship to the plaintiff who neither knows nor should

have known of the existence of his right to sue.' " *Hermitage*, 166 Ill. 2d at 78, 651 N.E.2d at 1135, quoting *Rozny v. Marnul*, 43 Ill. 2d 54, 70, 250 N.E.2d 656, 664 (1969).

■ We conclude the equities favor application of the discovery rule in this case. Applying the *Rozny* test, the proof in the replevin action (see 735 ILCS 5/19—104 (West 1994)) does not seem appreciably more difficult now. Plaintiffs, however, had no reason to suspect they would not be granted access to the files on demand, and it would work a substantial hardship on them to hold their claim time-barred.

In an analogous case, *Frederickson v. Blumenthal*, 271 Ill. App. 3d 738, 648 N.E.2d 1060 (1995), a third party deposited money into a savings account in 1963 and asked defendant to hold the money for her under his name. He did so from 1963 until 1988, when the third party died. Defendant refused to release the funds to her estate, and plaintiff as administrator of the estate brought suit for a constructive trust on the funds. *Frederickson*, 271 Ill. App. 3d at 739-40, 648 N.E.2d at 1061. Defendant argued that the suit was untimely, because it was filed more than 25 years after the money was first deposited in the account. The first district applied the discovery rule and affirmed imposition of the constructive trust, holding that "neither [decedent] nor the plaintiff had any reason to suspect the defendant was acting against their interests until demand was made and refused." *Frederickson*, 271 Ill. App. 3d at 742-43, 648 N.E.2d at 1063. See also *David v. Russo*, 91 Ill. App. 3d 1023, 1028, 415 N.E.2d 531, 536-37 (1980) (applying the discovery rule in an action to impose a constructive trust on real estate); *Town of Warren v. Ball*, 341 Mass. 350, 354, 170 N.E.2d 341, 344 (1960) (rejecting a limitations-based defense to a replevin action where possession was initially permissive because a "bailor *** would not ordinarily take steps to assert his rights until there had been a repudiation by the bailee").

Defendants here rely on *Meeker v. Summers*, 70 Ill. App. 3d 528, 529, 388 N.E.2d 920, 921 (1979), which states "[i]f a former owner has a right to recover personal property but fails to initiate a replevin action within 5 years after that right accrues, the statute of limitations bars any later action." This ruling is not inconsistent with our holding the discovery rule is applicable to replevin actions, however, because in *Meeker* the plaintiff knew or should have known defendant's possession was wrongful more than five years before he brought suit. Plaintiff leased a grain bin to defendant, and the lease provided plaintiff had the right to enter lessee's premises and remove the bin upon breach. Defendant was late with the first payment, which constituted a breach of the lease. The court held plaintiff was

time-barred because he did not bring suit until approximately 10 years later—more than five years after the lease would have expired even if there had been no breach. *Meeker*, 70 Ill. App. 3d at 529, 388 N.E.2d at 921.

■ We hold that the discovery rule applies in replevin actions. The opposite conclusion would in effect grant adverse possession without notice, because the practical effect of the time bar is that a rightful owner cannot recover his property. Equity will not allow such a result.

Defendants argue that if a replevin action does not accrue until a demand is rejected the statute of limitations is meaningless, as a plaintiff could simply wait as long as he wished before making demand. Since replevin is a legal, not an equitable action (*General Motors Acceptance Corp. v. Vaughn*, 358 Ill. 541, 547, 193 N.E. 483, 486 (1934)), *laches* would not apply. The discovery rule protects a plaintiff only until he knows or reasonably *should* know of the wrong, not until he has actual knowledge. Thus, even in a context such as this, where the owner would not normally be imputed awareness of the need to bring the replevin action, the party in possession could end the tolling effect of the rule by giving the owner notice. We do not decide what notice would suffice, because defendants allege no facts which would have put plaintiffs on notice more than five years before the filing of the suit.

## II. PLAINTIFFS DO NOT HAVE THE RIGHT TO WAIVE DECEDENTS' ATTORNEY-CLIENT PRIVILEGE

■ Even though plaintiffs' action is timely, we affirm the trial court's conclusion that they are not entitled to the files because the files are protected by the attorney-client privilege.

The party seeking disclosure from an attorney has the burden of establishing that the attorney-client privilege does not apply. See *In re Marriage of Decker*, 153 Ill. 2d 298, 321, 606 N.E.2d 1094, 1105 (1992). As plaintiffs admit, the attorney-client privilege survives the client's death. P. Rice, Attorney-Client Privilege in the United States § 2:5, at 69 (1993) (hereinafter Rice). The only context in which a client's death might affect the viability of the privilege is a will contest. Rice § 2:6, at 70-71; see also *Glover v. Patten*, 165 U.S. 394, 406-08, 41 L. Ed. 760, 767-68, 17 S. Ct. 411, 416 (1897); *Wilkinson v. Service*, 249 Ill. 146, 150-51, 94 N.E. 50, 52 (1911); *Fossler v. Schriber*, 38 Ill. 161, 162-63 (1865); *Phillips v. Chase*, 201 Mass. 444, 449, 87 N.E. 755, 757-58 (1909). The theory underlying this limited exception is that a decedent would (if one could ask him) waive the privilege in order that the distribution scheme he actually intended be put into

effect. See *Glover*, 165 U.S. at 407-08, 41 L. Ed. at 768, 17 S. Ct. at 416; Rice § 2:6, at 70.

This is not a will contest, however. Although the files plaintiffs demand do relate to estate planning, decedents' estates have been closed for 40 and 13 years, respectively. The theory underlying the will-contest exception does not apply.

Plaintiffs argue defendants' position renders the privilege "meaningless," that there would be no purpose of having the privilege survive death if no one had the ability to waive it. This argument is without merit. The privilege exists, and persists even after death, in order that the client may "confide freely and fully in his or her attorney, without fear that confidential information will be disseminated to others." *People v. Knuckles*, 165 Ill. 2d 125, 130, 650 N.E.2d 974, 976 (1995); see also *In re John Doe Grand Jury Investigation*, 408 Mass. 480, 482-83, 562 N.E.2d 69, 70 (1990). This end is not in any way supported by a rule that someone must always be able to waive the privilege. It might have quite the reverse effect, even considering only the context of heirs' or family members' requests to review estate files. Estate planning is an extremely personal and private endeavor, and may be based on considerations one would prefer never to reveal.

The attorney-client privilege presumes that a client wishes his communications with his attorney to remain secret until proved otherwise. The burden is on the party seeking disclosure to show an exception to the privilege. Absent a showing of some appropriate exception, such as the will contest exception, it will remain intact. Since the estates to which the files in this case relate are closed, plaintiffs are not entitled to the will-contest exception. As they have brought no other potential exception to the attention of this court, the privilege stands.

Because of our resolution of this issue, we need not consider whether estoppel should be accorded to the ruling in case No. 95—L—414.

## III. CONCLUSION

For the reasons stated above, we affirm the conclusion of the circuit court of Sangamon County.

Affirmed.

GREEN, J., concurs.

JUSTICE McCULLOUGH, specially concurring:

I agree the order of the circuit court should be affirmed. However, I suggest the action was untimely and summary judgment for defendants was proper because it was untimely and because plaintiffs have not provided any basis to be entitled to possession of the files.

As to the statute of limitations, the law firm was specifically hired for the purpose of representing a client during the transaction or litigation and that purpose ended when the transaction was completed and the estate was closed. There may be some circumstances in which that record must be maintained to enforce the judgment in the future or as evidence of the nature of the transaction in the event of breach of contract or something else. The attorney is not specifically paid to maintain the file. If the attorney is not the agent of the client for maintaining the file after the case is closed, then the wrongful detention of the property occurs immediately upon the attorney not offering to give the file to the client at the close of the case. At that point, the statute of limitations begins to run, and if the client, or a successor in title, does not make a demand for the file within the limitation period, the claim should be extinguished. The successor in title ought not to be able to breathe new life into the limitation period simply by making a demand.

It may be argued that the client had no knowledge of a right to possession of the file. However, an individual has a duty to investigate the wrongful nature of an injury. In *Betts v. Manville Personal Injury Settlement Trust*, 225 Ill. App. 3d 882, 896-97, 588 N.E.2d 1193, 1202-03 (1992), Wesley Smith was diagnosed as having lung disease, which was possibly linked to asbestos, but he delayed going to Milwaukee to get a biopsy to establish a definitive diagnosis. This court held that such a lack of diligence in investigation could not be utilized as a basis for tolling the statute of limitations through application of the discovery rule.

The cases cited by the majority justify a finding that the statute of limitations does not apply. I suggest these same cases justify the opposite conclusion as well.

After termination of an attorney-client relationship, an attorney may not acquire an interest adverse to the client where that would involve a breach of confidence or the use by the attorney, to the client's disadvantage, of information or knowledge obtained by reason of the attorney-client relationship. 7A C.J.S. *Attorney & Client* § 239 (1980). So we could ask why the attorney wants to keep the file in this case. The fact the attorney-client relationship has been terminated does not prevent a transaction between the attorney and former client from being regarded as presumptively fraudulent where the confidence or influence arising out of the relationships still

continues. 7A C.J.S. *Attorney & Client* § 246 (1980). That would seem to be the situation at the close of the case with regard to who gets the file. Plaintiffs have not alleged fraud or fraudulent concealment of a cause of action. The file does not belong to the estate. It is the attorney's file. There may be something in the file that is owned by the plaintiffs but it is not alleged or in the record.

The discovery rule, applied on a case-by-case basis set forth in *Hermitage*, should not be applied here. In addition, I believe *Frederickson* is distinguished in that the decedent was an active participant in the contract, *i.e.*, to hold a deposit. *Hermitage* refers to hardship to the plaintiff. If it is hardship to the plaintiffs, it could be a nightmare to defendants.

This case involves one or two files, but its impact affects every file in a law firm. To allow a descendant of a client to demand a long-closed file would require the law firm, or its successor, to maintain files indefinitely. No wrongful act would occur triggering the statute of limitations until the rejection of the demand for possession. It can be argued that the attorney-client relationship, by its very nature, makes the attorney the agent of the client for maintenance of a closed file in the absence of some express language to the contrary.

I also do not believe it is necessary to decide this case on the basis of attorney-client privilege. Plaintiffs allege they are entitled to the files apparently because they are heirs of J. Brown Hitt and Gladys Hitt. The complaint does not allege and the record does not show they "are lawfully entitled to the possession" of "[a]ll files related to the Estate of J. Brown Hitt" and "to the Estate of Gladys Hitt."

That they are heirs of the named decedents does not show any entitlement to the files. Nor do they allege or show any injury by being denied possession of the files. Being an heir to a decedent leaving a last will and testament is not sufficient to be entitled to possession of the file. Summary judgment for defendants was correct.