NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (4th) 250820-U

NO. 4-25-0820

IN THE APPELLATE COURT

FILED
March 2, 2026
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| DAKOTA R. MILLS LONGENECKER, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| DEBORAH K. FERLITA DENKER, | ) | No. 24CH75 |
| Successor Trustee of the Robert C. | ) | |
| Hauser Declaration of Trust dated | ) | |
| December 14, 1977; JAYDEN FERLITA; | ) | |
| ROBERT A. HAUSER; | ) | Honorable |
| and DANIELLE CLAUSEN, | ) | Ronald A. Barch, |
| Defendants-Appellants. | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Vancil and Grischow concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court answered the certified question, finding the testamentary exception to the attorney-client privilege does not extend beyond contests to wills or *inter vivos* trusts and, therefore, does not apply in this action for construction and enforcement of a trust.

¶ 2    This certified question arises from a dispute over a trust, particularly whether an individual born out of wedlock, but otherwise the settlor's biological grandchild, qualifies as a beneficiary of a generation skipping trust (GST) that the settlor established for grandchildren. The smaller dispute within this larger trust dispute is the parties' battle over whether the attorney's notes concerning the preparation, creation, and amendment of the trust are discoverable. Plaintiff, Dakota R. Mills Longenecker, has requested the notes and defendants, Deborah K. Ferlita Denker, Jayden Ferlita, Robert A. Hauser, and Danielle Clausen, have

claimed attorney-client privilege applies to the notes.

¶ 3 To resolve the smaller dispute and materially advance terminating the larger trust dispute, the parties ask us to answer the following two questions: (1) Does the testamentary exception to the attorney-client privilege that has been recognized in will and trust contests also apply to disputes over the construction of wills or trusts? (2) If the answer to Question 1 is yes, under what circumstances or conditions would the testamentary exception to the attorney-client privilege apply in lawsuits to construe a will or trust? For reasons we will explain below, our answer to Question 1 is no—the testamentary exception to the attorney-client privilege does not extend to disputes over will or trust construction. Because we answer the first question in the negative, we need not reach the second question.

¶ 4 I. BACKGROUND

¶ 5 Before his death in 1999, Robert C. Hauser executed an amendment and restatement of the Robert C. Hauser Declaration of Trust (Trust). His surviving spouse and life beneficiary, Marjorie R. Hauser, died in February 2024, which triggered various provisions in the Trust and ultimately prompted this litigation. On June 10, 2024, plaintiff filed a complaint for construction and enforcement of the Trust. Plaintiff's complaint alleged that "ambiguity in the definition of child/grandchild in the [Trust] requires construction by the Court to define those terms under the language of the entire [Trust]." Plaintiff sought a determination that he qualified as "a grandchild entitled to share *** in the beneficial interest provided under the GST provisions of the [Trust]." Defendants filed an answer on December 2, 2024, denying most of the complaint's allegations. Specifically, defendants denied any ambiguity in the Trust's definitions and denied plaintiff was a beneficiary of the GST provisions within the Trust.

¶ 6 In the course of discovery, plaintiff requested attorney Michael Schappert's notes

regarding the Trust. When defendants asserted attorney-client privilege, plaintiff moved to compel production of "the attorney notes used in the Estate planning for the Decedent, Robert C. Hauser." Defendants opposed the motion, arguing Illinois law allowed for breaching the attorney-client privilege in actions to contest a will or trust, but not in actions to construe wills or trusts, like this one.

¶ 7        The parties appeared before the trial court to argue the motion to compel on February 28, 2025. During the hearing, plaintiff's counsel conceded his client was not contesting the validity of the Trust and confirmed plaintiff was not claiming undue influence on or incapacity of the settlor. Counsel noted his client wanted the Trust to be construed and interpreted to include him as a grandchild and, thus, a GST beneficiary. Counsel maintained "that the interpretation is the contest" and argued the rationale for breaching the attorney-client privilege in will or trust contests applied in this case. Defendants' counsel countered by arguing this case did not fit into the "narrow exception" for "breaching the privilege" because it was not a trust contest. After pressing both attorneys on the case law and receiving no satisfying answers, the court instructed the attorneys to research the law in Illinois and elsewhere for whether the attorney-client privilege can be overcome when neither party contests the trust and both seek enforcement.

¶ 8        The parties returned to the trial court for another hearing on April 17, 2025. Both attorneys reported fruitless searches, as "neither side found any cases suggesting that this limited exception to the attorney-client privilege has been specifically addressed in the context of a request for construction of a will as opposed to trying to undo the will entirely, or the trust in this case." Both sides maintained their prior positions, and the court stated it would issue a written order.

¶ 9          On April 29, 2025, the trial court entered a written decision and order, granting "Plaintiff's Motion to Compel the production of attorney notes and materials kept in connection with the creation of the [Trust]." The court acknowledged the case law had not extended the testamentary exception to actions like the one before it. However, it found "the rationale supporting the testamentary exception in a will or trust contest setting has equal application to a dispute among heirs or beneficiaries over rights and entitlements to distributions or allocations under a will or trust."

¶ 10          Defendants filed a motion to reconsider or, alternatively, to certify a question to the appellate court pursuant to Illinois Supreme Court Rule 308(a) (eff. Oct. 1, 2019) or, alternatively, to hold them in friendly contempt so they may appeal the decision pursuant to Illinois Supreme Court Rule 304(b)(5) (eff. Mar. 8, 2016). The trial court denied the motion to reconsider but granted the request for a Rule 308(a) finding. See Ill. S. Ct. R. 308(a) (eff. Oct. 1, 2019). Accordingly, the court found its "[o]rder dated April 29, 2025, involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The court certified two questions:

> *Question 1*: Does the testamentary exception to the attorney-client privilege that has been recognized in will and trust contests apply to disputes over the construction of wills or trusts?

> *Question 2*: If the answer to Question 1 is yes, under what circumstances or conditions would the testamentary exception to the attorney-client privilege apply in lawsuits to construe a will or trust?

¶ 11          We allowed defendants' application for leave to appeal pursuant to Rule 308.

¶ 12                              II. ANALYSIS

¶ 13        By definition, certified questions are purely legal in nature, so we review them

*de novo* and pay no deference to the lower court's answer. See *Scott v. American Alliance*

*Casualty Co.*, 2024 IL App (4th) 231305, ¶ 15; *Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill. 2d

45, 58 (2007); Ill. S. Ct. R. 308 (eff. Oct. 1, 2019).

¶ 14        Before considering an exception to a privilege, which itself is an exception, we

think it prudent to begin with the default rule. Illinois law strongly favors disclosure in judicial

proceedings to aid in discovering truth and resolving disputes. *Waste Management, Inc. v.*

*International Surplus Lines Insurance Co.*, 144 Ill. 2d 178, 190 (1991). The law, nevertheless,

recognizes some evidentiary exceptions to disclosure, one being the attorney-client privilege.

This privilege is as old as the common law. It provides: "Where legal advice of any kind is

sought from a lawyer in his or her capacity as a lawyer, the communications relating to that

purpose, made in confidence by the client, are protected from disclosure by the client or lawyer,

unless the protection is waived." *Center Partners, Ltd. v. Growth Head GP, LLC*, 2012 IL

113107, ¶ 30. As an exception to disclosure, the attorney-client privilege serves a valuable role in

our legal system by "encourag[ing] and promot[ing] full and frank consultation between a client

and legal advisor by removing the fear of compelled disclosure of information." (Internal

quotation marks omitted.) *Waste Management*, 144 Ill. 2d at 190.

¶ 15        "The attorney-client privilege presumes that a client wishes his communications

with his attorney to remain secret until proved otherwise." *Hitt v. Stephens*, 285 Ill. App. 3d 713,

718 (1997). So, generally, unless it is shown an exception applies, the privilege survives the

client's death, and communications remain private after the client dies. *DeHart v. DeHart*, 2013

IL 114137, ¶ 69. One exception is relevant here—the testamentary exception, another common

law doctrine our supreme court has called "well settled law." *Brunton v. Kruger*, 2015 IL 117663, ¶ 51. This exception renders the attorney-client privilege temporary. "Where an attorney prepares a will for a client and witnesses the same, the privilege only exists during the lifetime of the client." *DeHart*, 2013 IL 114137, ¶ 69. This "*limited* exception" arose from the rationale "that a decedent would (if one could ask him) forgo the privilege so that the distribution scheme he actually intended can be given effect." (Emphasis added.) *DeHart*, 2013 IL 114137, ¶ 69.

¶ 16    To be sure, the testamentary exception has been narrowly applied over the years. Our supreme court has observed this long-standing exception had been applied only in actions contesting a will. See *Brunton*, 2015 IL 117663, ¶¶ 51-54 (citing *Wilkinson v. Service*, 249 Ill. 146, 150-51 (1911); *Lamb v. Lamb*, 124 Ill. App. 3d 687, 693-94 (1984); *DeHart*, 2013 IL 114137, ¶ 69); see also *DeHart*, 2013 IL 114137, ¶ 73 (finding "this is indisputably a will contest," and so "plaintiff will be able to make out a *prima facie* case on remand that the attorney-client privilege does not apply because it is subject to the will-contest exception"); *Hitt*, 285 Ill. App. 3d at 717 ("The only context in which a client's death might affect the viability of the privilege is a will contest.").

¶ 17    The first and only time a court applied the testamentary exception outside a will contest occurred in *Eizenga v. Unity Christian School of Fulton, Illinois*, 2016 IL App (3d) 150519, a case involving a challenge to an *inter vivos* trust. There, the trustee filed an interpleader action, alleging the settlor's attorney exerted undue influence on the settlor, which resulted in the settlor gifting "nearly the entirety of the Trust estate to Unity Christian School." *Eizenga*, 2016 IL App (3d) 150519, ¶ 1. The attorney received a subpoena to produce certain documents, and he refused, claiming the documents were protected by the attorney-client privilege and work product doctrine. *Eizenga*, 2016 IL App (3d) 150519, ¶ 17. The trial court

ordered the attorney to produce the documents, noting this case was similar to a will contest, where the testamentary exception could negate the attorney-client privilege. *Eizenga*, 2016 IL App (3d) 150519, ¶ 18. The attorney refused, the court held him in indirect civil contempt, and he appealed. *Eizenga*, 2016 IL App (3d) 150519, ¶¶ 19-20. The Appellate Court, Third District, affirmed the trial court's decision applying the testamentary exception in a trust case. *Eizenga*, 2016 IL App (3d) 150519, ¶ 37.

¶ 18        While the Third District acknowledged Illinois case law "has described the testamentary exception to the attorney-client privilege as applying only in the context of a will contest," it concluded the underlying rationale for the testamentary exception was "of paramount importance, rather than the question of whether the situation involves a will contest." *Eizenga*, 2016 IL App (3d) 150519, ¶ 25. By focusing on the exception's rationale, it leaned upon secondary sources, one of which stated: " '[T]he attorney-client privilege does not apply to a communication from or to a decedent relevant to an issue between parties who claim an interest through the same deceased client, either by testate or intestate succession or by an *inter vivos* transaction.' " *Eizenga*, 2016 IL App (3d) 150519, ¶ 28 (quoting Restatement (Third) of the Law Governing Lawyers § 81 (2000)); see Michael H. Graham, Graham's Handbook of Illinois Evidence § 505.7, at 372 (10th ed. 2010). The sources elaborated on the rationale behind the testamentary exception, particularly, " 'that the decedent would have wished full disclosure to facilitate carrying out the client's intentions.' " *Eizenga*, 2016 IL App (3d) 150519, ¶ 28 (quoting Restatement (Third) of the Law Governing Lawyers § 81 cmt. b (2000)). These sources mirrored Illinois law, which likewise presumed deceased clients would waive attorney-client privilege in a will contest "so that the distribution scheme [they] actually intended can be given effect." (Internal quotation marks omitted.) *Eizenga*, 2016 IL App (3d) 150519, ¶ 28. The Third District

found these sources helpful, and it noted "the comments to section 81 of the Restatement (Third) are instructive: comment (a) states that this section 'is relevant, for example, *in will-contest and similar litigation.*' " (Emphasis in original.) *Eizenga*, 2016 IL App (3d) 150519, ¶ 28 (quoting Restatement (Third) of the Law Governing Lawyers § 81 cmt. a (2000)). It ultimately deemed this similar litigation. *Eizenga*, 2016 IL App (3d) 150519, ¶ 29. And since the Third District discerned "no material difference between" this case and "a will contest for purposes of the testamentary exception to the attorney-client privilege," it held the exception should be applied in trust contests. *Eizenga*, 2016 IL App (3d) 150519, ¶ 29.

¶ 19        The *Eizenga* holding prompted near immediate calls to further expand the testamentary exception. *Morrow v. Pappas*, 2017 IL App (3d) 160393, involved a lawsuit alleging tortious interference with testamentary expectancy. Citing *Eizenga*, the plaintiffs argued for the application of the testamentary exception to the attorney-client privilege. *Morrow*, 2017 IL App (3d) 160393, ¶ 30. The Third District rejected the argument based on factual and procedural posture, noting, "[W]e do not have an instrument being contested." *Morrow*, 2017 IL App (3d) 160393, ¶ 30. The Third District held that, because "there is no contest to the distribution scheme" the deceased executed in her will, "we will not apply the narrow exception to the attorney-client privilege." *Morrow*, 2017 IL App (3d) 160393, ¶ 30.

¶ 20        We consider these certified questions against this backdrop, and the parties' arguments here echo the case law. In arguing, no, the testamentary exception does not apply to disputes over construction of a will or trust, defendants cite the long-standing precedent confining the testamentary exception to will or trust *contests*. In making the counterargument, plaintiff cites *Eizenga* and its use of the exception's rationale to extend it to trusts. Both sides have good arguments. Both arguments are meritorious. However, considering the law's current

state, we answer the certified question, no—the testamentary exception to the attorney-client privilege does not apply to disputes over the construction of wills or trusts.

¶ 21   To the extent *Eizenga* opened the door to expand the testamentary exception, we will not push through it. Though technically an interpleader action, *Eizenga* was essentially a trust contest. The court acknowledged as much, calling it a "case [that] presents no material difference between a will contest." *Eizenga*, 2016 IL App (3d) 150519, ¶ 29. Indeed, the case centered upon "a dispute *** between former beneficiaries of the Trust and the current beneficiary *** based on undue influence that [the] attorney *** allegedly exerted over [the client]." *Eizenga*, 2016 IL App (3d) 150519, ¶ 29. Most importantly, the parties sought to have various trust provisions set aside. *Eizenga*, 2016 IL App (3d) 150519, ¶ 18. This is hallmark of will contests.

¶ 22   A trust contest is similar litigation to a will contest in ways a trust or will construction is not. Under Illinois law, a trust contest does not materially differ from a will contest. *Cleland v. Cleland*, 2018 IL App (2d) 170949, ¶ 40 (noting a will contest is like a trust contest). Both share the same objective, grounds, and remedy. Trust and will contests challenge the validity of the testamentary document, whether it represents the will or intent of the deceased testator or settlor, and the remedy for each is setting aside all or part of the document. See *Hall v. Eaton*, 259 Ill. App. 3d 319, 321 (1994) ("The issue in a will contest is whether the writing produced is the will of the decedent; any ground which, if proved, would invalidate the instrument as a will."); *In re Estate of Luccio*, 2012 IL App (1st) 121153, ¶ 23 ("A trust contest is a challenge to the validity of the document creating it and the remedy in a trust contest is the setting aside of the trust."). Some grounds for invalidating the document include undue influence, fraud, duress, or incapacity. *Hall*, 259 Ill. App. 3d at 321; *Pernod v. American*

*National Bank & Trust Co. of Chicago*, 8 Ill. 2d 16, 20 (1956); see *Luccio*, 2012 IL App (1st) 121153, ¶ 23 ("[U]nder the Restatement (Second) of Trusts, the law governing the effect of fraud, duress, undue influence[,] and mistake upon testamentary dispositions is applicable to testamentary trusts." (Internal quotation marks omitted.)); 760 ILCS 3/406 (West 2024). Because trust and will contests are similar actions, it follows that the testamentary exception to the attorney-client privilege applies to both actions. Stepping back, we see *Eizenga* did not significantly expand the exception.

¶ 23            Defendant here, and the trial court below, stressed the rationale for the testamentary exception, just as the *Eizenga* court did. Deceased testators or settlors would forgo attorney-client privilege so the distribution scheme they actually intended could be given effect. *DeHart*, 2013 IL 114137, ¶ 69. In this hypothetical situation, the deceased, were he still alive, is faced with an either-or proposition—disclosure of privileged communications with his attorney or setting aside the testamentary document and his entire distribution scheme. Of course, it would be reasonable to suppose the client would waive the privilege in that particular all-or-nothing scenario: either forgo the privilege to ensure your last wishes are honored or retain the privilege and expose your estate to the laws of intestacy. But this rationale does not square with interpreting or constructing or enforcing specific provisions in a will or trust. An action construing a will or trust does not carry the same risks. What's more, a decedent, were he still alive, may not want his heirs to know why certain gifts or bequests were made, and so it would be reasonable to infer he would not waive the privilege. We have said, "Estate planning is an extremely personal and private endeavor, and may be based on consideration one would prefer never to reveal." *Hitt*, 285 Ill. App. 3d at 718. Similarly, the client may not freely and fully communicate with his attorney about estate planning if he knows the communications are not

privileged after death. See *Hitt*, 285 Ill. App. 3d at 718 ("The privilege exists, and persists even after death, in order that the client may 'confide freely and fully in his or her attorney, without fear that confidential information will be disseminated to others.' ") (quoting *People v. Knuckles*, 165 Ill. 2d 125, 130 (1995)).

¶ 24     Though we see merit in plaintiff's argument emphasizing the rationale behind the testamentary exception, we ultimately find it unpersuasive. It loses potency when we see it resulted in the testamentary exception being applied to near identical actions—trust and will contests—where the *entire distribution scheme* is at risk of being set aside. The case law is clear, the testamentary exception to the attorney-client privilege does not apply to disputes over the construction of wills or trusts. The rationale for the *limited* testamentary exception does not persuade us to extend it to cases like this one.

¶ 25                               III. CONCLUSION

¶ 26     For the foregoing reasons, we answer the first certified question in the negative and decline to address the second.

¶ 27     Certified question answered.